UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED NOV 13 2000
LORETTA G. WHYTE
CLERK

SEACOR MARINE, INC. AND
SEACOR OFFSHORE, INC.

CIVIL ACTION

-versus-

NO:        00-0166

HOUMA FABRICATORS, A DIVISION
OF LOR, INC., AIR COMPRESSOR
ENERGY SYSTEMS, INC., DRESSER
INDUSTRIES, INC., AND LEROI
INTERNATIONAL, INC. D/B/A
COMPARE LEROI

SECTION:   "S"

MAG:       "1"

*************************************************************************

## MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes defendant, Air Compressor Energy Systems, Inc., ("ACES"), who respectfully requests this Honorable Court to grant it summary judgment and dismiss all claims against it with prejudice on the ground that there are no claims against it which are cognizable against it in admiralty and therefore this Honorable Court does not have subject matter jurisdiction over this defendant and therefore defendant ACES should be dismissed from this action. Defendant ACES also respectfully requests that this Honorable Court hear this Motion for Summary Judgment on November 29, 2000, in the interest of judicial economy as several other defendants have filed summary judgment motions on the same grounds which are scheduled to be heard on the same date.

DATE OF ENTRY
NOV 1 5 2000

1

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc.No. 61

Respectfully submitted,

_____
ROBERT J. YOUNG, JR. (#13760)
C. BLASE McCARTHY, JR. (#25789)
**YOUNG, RICHAUD & MYERS**
1100 Poydras Street
1515 Energy Centre
New Orleans, Louisiana 70163
*Attorney for Defendant, Air Compressor
Energy Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed this 9 day of November, 2000.

_____
ROBERT J. YOUNG, JR.

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | CIVIL ACTION |
| -versus- | NO:   00-0166 |
| HOUMA FABRICATORS, A DIVISION<br>OF LOR, INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPARE LEROI | SECTION:   "S"<br><br>MAG:   "1" |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Seacor Marine, Inc. ("Seacor") alleges that on January 30, 1999, a fire occurred in the engine room of its vessel, the M/V Galaxie ("Gaslaxie"), which was caused by a defective hose manufactured by Gates Corporation attached by Compair Leroi ("LeRoi") to a compressor purchased from Leroi by Air Compressor Energy Systems, Inc. ("ACES"), resold by ACES to Houma Fabricators, Inc. ("Houma"), and installed aboard the Galaxie by Houma, the builder of the vessel. Seacor has filed a product liability claim for damage and detention losses as a result of this alleged fire in this Honorable Court seeking approximately $600,000.00.

The attached exhibits, a Shipbuilding Contract between Waveland Marine Services, Inc. and Houma attached as Exhibit"A," and a Subsequent Assignment of Vessel Construction Contracts between Waveland Marine Services, Inc. and Seacor Marine, Inc. attached as Exhibit "B,"

4

demonstrate that the Galaxie was constructed pursuant to the Shipbuilding Contract and that Waveland's interest in the contract was later assigned to Seacor.

In East River S.S. Corp. v Trans Americana Deleval, 476 U.S. 858 (1986), the United States Supreme Court held that admiralty law did not apply to product liability actions brought under federal maritime law seeking recovery for damages caused by defective products. It held that a manufacturer in a commercial relationship has no duty under a negligence or a product liability standard to prevent a product from injuring itself. The Court held that when the only damage claimed by the plaintiff, in this case Seacor, is economic damage that:

> Exercising traditional discretion in Admiralty, we adopt an approach similar to Seeley and hold that a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself.

*Id.* The Court went on to hold that:

> Thus, whether stated in negligence or strict liability, no products-liability claim lies in admiralty when the only injury claimed is economic loss.

*Id.*

The United States Fifth Circuit Court of Appeals has followed this precedent in several subsequent cases. In *Nicor Supply Ships Associates v. General Motors*, 876 F.2d 501 (5th Cir. 1989), held that the precedent established by the Court in *East River* applied to all defendants who were alleged to have been responsible for a ship fire. *Nicor* involved a claim on the part of a vessel owner whose ship was damaged as a result of a fire allegedly caused by a defective engine. The vessel owner filed suit against the builder of the vessel, the manufacturer of the engine and the distributor who provided the engine to the builder of the vessel. The Court held that the owner of the vessel was barred from recovering in tort from the vessel's builder, the distributor and also the manufacturer

5

of the engine absent a contractual agreement to do so, citing *East River*. The Court stated:

> In *East River Steamship Corp, v. Transamerica Delaval*, the Supreme Court held that a ship-owner may not recover from the builder of a vessel or the manufacturer of its parts for damage to the vessel's engine allegedly caused by the the defective design of its turbines stating:
> a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself.

*Id.* at 503. The Fifth Circuit went on to hold that:

> While failing to warn a purchaser of a defect in a product known at the time of manufacture is, of course, different from manufacturing a defective product, both negligent acts occur during the manufacturing process and before delivery of the product to the buyer. We are unable to assign to either act a relatively higher level of consciousness of wrongdoing, and thus do not discern a meaningful difference between them. Nicor's second cause of action is but a variant of its first claim, attempting to saddle the manufacturer with liability for damages that the Supreme Court has refused to impose. Were we to allow Nicor to succeed on its second claim, we would invite all purchasers of self-damaging products that were negligently manufactured but beyond the coverage of the warranty to style their complaint in terms of the manufacturer's negligent failure to warn of a known defect. Permitting recovery on such grounds would frustrate the Supreme Court's plain intention that a manufacturer be liable for the damage a product causes to itself as a result of negligent manufacture only to the extent that the parties have agreed to apportion such liability.

*Id.* at 504. Thus, under the precedential holdings of both East River and Nicor, no cause of action cognizable in admiralty exists which would allow Seacor to proceed in admiralty against ACES, even if ACES were to be considered a manufacturer rather than a distributor, and summary judgment should be granted by this Honorable Court dismissing all claims against ACES with prejudice and at plaintiff's cost.

## **CONCLUSION**

For the reasons presented above, Summary Judgment should be granted to ACES by this

Honorable Court dismissing all claims against it with prejudice and at plaintiff's cost.

Respectfully submitted,

_____
ROBERT J. YOUNG, JR. (#13763)
C. BLASE McCARTHY, JR. (#25789)
**YOUNG, RICHAUD & MYERS**
1100 Poydras Street
1515 Energy Centre
New Orleans, Louisiana 70163
*Attorney for Defendant, Air Compressor Energy Systems, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed this ___9___ day of November, 2000.

_____
ROBERT J. YOUNG, JR.

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | CIVIL ACTION |
| -versus- | NO:  00-0166 |
| HOUMA FABRICATORS, A DIVISION<br>OF LOR, INC., AIR COMPRESSOR | SECTION: "S" |
| ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPARE LEROI | MAG: "1" |

*************************************************************************

### STATEMENT OF UNCONTESTED FACTS

Air Compressor Energy Systems, Inc. (ACES") submits that the following facts are uncontested.

1. Waveland Marine Service, Inc. and Houma Fabricators entered into a shipbuilding contract for the construction of the M/V Galaxie on May 30, 1996.

2. Waveland Marine Service, Inc. assigned its rights and obligations under this contract to Seacor Marine, Inc. on January 3, 1997.

3. ACES purchased an air compressor unit from Compair LeRoi which it then resold to Houma Fabricators, who installed said unit onboard the Galaxie.

4. Houma Fabricators delivered the completed vessel, including the air compressor

manufactured by Compair LeRoi, to Seacor in the fall of 1997.

5. The Galaxie allegedly experienced a fire in its engine room on January 30, 1999, as a result of which Seacor sued Houma Fabricators, ACES, and LeRoi.

6. Seacor states in its complaint that this Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333, and Seacor expressly designated this suit as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

7. Seacor's only claims are for damages to the Galaxie and detention losses for loss of use of the Galaxie during the period the vessel underwent repairs.

Respectfully submitted,

_____
ROBERT J. YOUNG, JR. (#13763)
C. BLASE McCARTHY, JR. (#25789)
**YOUNG, RICHAUD & MYERS**
1100 Poydras Street
1515 Energy Centre
New Orleans, Louisiana 70163
*Attorney for Defendant, Air Compressor Energy Systems, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed this __9__ day of November, 2000.

_____
ROBERT J. YOUNG, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | CIVIL ACTION |
| -versus- | NO: 00-0166 |
| HOUMA FABRICATORS, A DIVISION<br>OF LOR, INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPARE LEROI | SECTION: "S"<br><br>MAG: "1" |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER

Considering the above and foregoing Motion for Summary Judgment, and the fact that other defendants in this matter have previously scheduled a hearing on November 29, 2000, on Motions for Summary Judgment on the same grounds.

**IT IS ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of defendant Air Compressor Energy Systems, Inc. is set for hearing on November 29, 2000 at _10_ o'clock a.m.

New Orleans, Louisiana, this _15_ day of November, 2000.

_____
DISTRICT JUDGE

3