

MINUTE ENTRY
SHUSHAN, M.J.
DECEMBER 19, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | CIVIL ACTION |
| VERSUS | NO: 00-0166 |
| HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., ET AL | SECTION: "S"(1) |

### HEARING ON MOTION

APPEARANCES:   Submitted on briefs

MOTION:   MOTION OF SEACOR TO AMEND COMPLAINT

**GRANTED IN PART AND DENIED IN PART**

Before the court is the motion of the plaintiffs, SEACOR Marine, Inc. and SEACOR Offshore, Inc., to file amended complaint. The defendants, Air Compressor Energy Systems, Inc. and LeRoi International, Inc. d/b/a CompAir, LeRoi, oppose the filing of the amended complaint.

The action was filed on January 18, 2000. Rec. doc. 1. On May 4, 2000, there was a

DATE OF ENTRY
DEC 2 0 2000

preliminary conference where the pretrial conference was set for February 16, 2001, and the trial was set for March 12, 2001. Rec. doc. 16. In October, 2000, the defendants began filing motions to dismiss or for summary judgment. Rec. docs. 49 and 50. On November 8, 2000, United States District Judge Lemmon, on the joint motion of all of the parties, continued the hearing of these dispositive motions to November 29, 2000, and continued the pretrial deadlines relative to discovery and experts by thirty days, so that the parties would not have to conduct discovery while the dispositive motions were pending. R. 56. On November 30, 2000, there was oral argument and Judge Lemmon took the motions for summary judgment under submission. Rec. doc. 72.

On November 22, 2000, the plaintiffs filed their motion to amend the complaint. The plaintiffs request this relief for three reasons: (1) to allege diversity jurisdiction as an alternative to maritime jurisdiction, (2) to allege grounds for relief that are not susceptible to attack under East River S.S. Co. v. Trans America Delaval, Inc., 106 S.Ct.2295 (1986), and (3) to allege new theories for relief and additional elements of damages based upon newly discovered evidence. The defendants argue that there is no diversity jurisdiction and the claims alleged with greater particularity as well as the new theories of relief are without merit. For both of these reasons the defendants urge that the motion to amend should be denied as futile. These defendants also contend that the motion is not timely.

In their reply memorandum the plaintiffs argue there is a factual issue as to whether the principal place of business of the plaintiffs is in Texas or in Louisiana. The plaintiffs also argue that there are substantial issues raised by the claims that they seek to bring in their amended complaint, so their amended complaint is not futile.

The evidence presented by the parties raise issues as to the location of the principal place of

2

business of the plaintiffs. The arguments raised by the plaintiffs and the defendants also raise issues regarding the merits of the plaintiffs' claims. These issues are not susceptible of resolution on a motion to amend, so it cannot be said that the proposed amendment is futile and therefore appropriate for denial. Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 321 (5th Cir. 1991).

The more difficult issue is the timing and the possible prejudice to the defendants. The plaintiffs, in seeking this relief, acknowledge their concerns about the effect of the East River decision. East River was the law at the time of the filing of the plaintiffs' complaint. The plaintiffs were given an opportunity to amend through at least June 2, 2000, to address this type of problem, but chose not to. The plaintiff also could have raised the need to amend when the motions were filed in October, 2000, or when it joined with the other parties in requesting that the discovery deadline be extended. As to the new theories of relief, the plaintiffs have not explained when and how the they learned of the facts giving rise to these claims.

The amended complaint will require substantial additional discovery on the allegations of fraud and misrepresentation associated with the new theories of relief. It may prompt discovery on the corporate organization of the plaintiffs in order to test the allegation that Texas is indeed the principal place of business of the plaintiffs. Unlike the discovery on the allegations of fraud and misrepresentation, the discovery on the diversity issue should be limited to one or perhaps two corporate depositions. The amended complaint also may prompt additional motions.

Between the first of the year and the conclusion of discovery, as already extended by Judge Lemmon, there is only about a six week period within which to accomplish the work that the amended complaint may prompt and conclude all discovery to try the case on the merits.

Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion. Quintanilla v. Texas Television Inc., 139 F.3d 494, 499 (5th Cir. 1998). While the undersigned does not consider the amendment futile, it is not timely. It is too late for the plaintiffs to re-write their entire complaint. The motion will be granted for the limited purpose of permitting the plaintiffs to allege diversity jurisdiction. In all other respects it is denied. The denial is without prejudice to the right of the plaintiffs to re-urge the motion in the event the trial is continued.

It is ORDERED that the motion of the plaintiffs, SEACOR Marine, Inc. and SEACOR Offshore, Inc., to file amended complaint, is GRANTED in part to permit the assertion of diversity jurisdiction. In all other respects the motion to amend is DENIED.

                                                                   SALLY SHUSHAN
                                                          United States Magistrate Judge