

FILED
U.S. DISTRICT COURT

JAN 11  11 43 AM '01

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEACOR MARINE, INC. AND** | * | **CIVIL ACTION** |
| **SEACOR OFFSHORE, INC.** | * | |
| | * | **NO.:  00-0166** |
| **Plaintiffs** | * | |
| | * | **SECTION: "S" (1)** |
| **VERSUS** | * | |
| | * | |
| **HOUMA FABRICATORS, A DIVISION** | * | |
| **OF L.O.R., INC., AIR COMPRESSOR** | * | |
| **ENERGY SYSTEMS, INC., DRESSER** | * | |
| **INDUSTRIES, INC. , AND LEROI** | * | |
| **INTERNATIONAL, INC. D/B/A** | * | |
| **COMPAIR  LEROI** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| * * * * * * * * | | |

### MOTION TO CONTINUE TRIAL

NOW COME plaintiffs, SEACOR Marine, Inc. and SEACOR Offshore, Inc., through undersigned counsel, and with the client's authorization and consent, respectfully MOVES for the entry of an order continuing the trial of this matter, from March 12, 2001 until a later date, on the grounds and for the reasons set forth in the accompanying memorandum.

Fee
Process
X Dktd
✓ CtRmDep
Doc.No. 95

Respectfully submitted:

HARRIS & RUFTY, L.L.C.

_____
RUFUS C. HARRIS III (#6638)
ALFRED J. RUFTY III (#19990)
GARY A. ROBINSON (#27061)
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112
(504) 525-7500
**Attorneys for SEACOR Marine, Inc. and SEACOR Offshore, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this ___9___ day of January, 2001.

_____
ALFRED J. RUFTY III

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC.<br><br>Plaintiffs<br><br>VERSUS<br><br>HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC. , AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPAIR LEROI<br><br>Defendant | * * * * * * * * * * * * * * * | CIVIL ACTION<br><br>NO.:   00-0166<br><br>SECTION: "S" (1) |

\* \* \* \* \* \* \* \*

## ORDER

Considering the foregoing motion to continue trial, it is hereby

**ORDERED** that the motion is **GRANTED** and that the trial of this matter be and hereby is continued from the present trial setting of March 12, 2001 until a later date to be established by the Court.

New Orleans, Louisiana, this _____ day of January, 2001.

_see order signed 1/10/01_

_____
DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC.<br><br>   Plaintiffs<br><br>VERSUS<br><br>HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPAIR LEROI<br><br>   Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br><br>NO.:  00-0166<br><br>SECTION: "S" (1) |

* * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE

This memorandum is respectfully submitted by plaintiffs, SEACOR Marine, Inc. and SEACOR Offshore, Inc., in support of their motion to continue the trial of this matter.

Presently under advisement with the Court are motions for summary judgment/dismissal filed by the five defendants to this action. During the pendency of these motions, defendants initially desired to stay all discovery. Their reasoning – which remains

1

sound – was that the parties should not be forced to incur significant discovery costs while potentially dispositive motions were under consideration. Plaintiffs agreed, and a joint motion of all parties was filed and granted by the Court staying discovery for a period of several weeks. (Certain pre-trial deadlines also were extended).

As the Court is well aware, argument has been intensive on the five pending motions for summary judgment/dismissal. The parties have been besieging the Court with memoranda throughout the time the motions have been pending, effectively delaying their disposition.

Meantime, the discovery period is running short, with a cut-off date of February 16, 2001. A significant amount of discovery remains to be undertaken. Plaintiffs have tried to keep the discovery process moving in this case. To this end, plaintiffs have instigated three conferences with Magistrate Sally Shushan over the past several months for the purpose of selecting mutually agreeable deposition dates.

Under these schedules, a substantial amount of discovery has occurred. The corporate depositions of Air Compressor Energy Systems (the compressor's distributor), Hart Industries (the compressor hose distributor), and Houma Fabricators (the vessel manufacturer/seller) have been completed; the corporate depositions of SEACOR and CompAir LeRoi (the compressor manufacturer) have proceeded through the testimony of five witnesses but have not been completed; at least two inspections have taken place; and an array of paper discovery and responses have been exchanged among the parties.

But much remains to be done. What remains in the way of factual discovery is at least the following: the depositions of eight SEACOR crewmembers under notices recently submitted by CompAir LeRoi; completion of the SEACOR corporate deposition or, in lieu of this, various other SEACOR personnel; the completion of the corporate deposition of CompAir LeRoi; the depositions of CompAir LeRoi personnel involved in the recall campaign related to the faulty and/or incompatible compressor hoses in investigation leading to the issuance of the "Important Service Notice" (i.e. recall notice) advising customers and users of potential defects; the corporate deposition of the Gates Corporation (manufacturer of the suspected compressor hose), as well as depositions of individual personnel within the company;[1] and perhaps also the depositions of Hart Industries personnel regarding the hose make-up procedures.

In addition to these fact depositions, the depositions of the parties' experts will of course have to be scheduled. What this will entail is unclear as defendants have not yet submitted expert reports (they will be doing so at the end of this month). Receipt of the expert reports may well trigger the need for further discovery.

This cannot possibly be accomplished by the discovery cut off of February 15, 2001. Recognizing this, counsel for defendant LeRoi contacted counsel for plaintiffs just before Christmas to state that they were *preparing their own motion to continue trial.* They wished to know if we would oppose it. We stated that we would not. Counsel for at least two other

---

[1] This deposition was recently scheduled but was not conducted due to the late unavailability of the corporate witnesses.

3

defendants were consulted, and the Court was contacted for alternative trial dates. In articulating their reasons for soliciting a continuance, counsel for Leroi acknowledged that much discovery remained. This is grounds enough.

Yet Leroi counsel made another important point: namely, that whichever side loses the pending motions for summary judgment/dismissal will surely request an immediate interlocutory appeal of this Court's ruling on a somewhat novel point of law. As Leroi counsel correctly observed, the legal issues before the Court are well-suited for such an appeal under 28 U.S.C. §1292.[2] Such an appeal would certainly disrupt the present trial setting. The acknowledged concern of spending a significant amount of time and money in discovery while potentially dispositive motions are pending is all the more valid, given that the trial date is in any case questionable due to a looming appeal.

A continuance is warranted to enable the parties to forego the substantial expense of undertaking voluminous discovery while the motions for summary judgment/dismissal remain pending and during any subsequent interlocutory appeals.

Moreover, critical new issues were learned of for the first time in the recent depositions of compressor/manufacturer LeRoi (which has not been completed) and of compressor hose distributor Hart Industries. In those depositions of October 18, 2000, it was learned that both of these parties knew *well before the fire* (at least as early as July, 1998) of potential deficiencies in the hose and/or of compatibility problems in using the hose with

---

[2] This statute sanctions interlocutory appeals both (1) in maritime matters under Section 1292(a); and (2) under Section 1292(b), of legal rulings that involve controlling questions of law as to which there is substantial ground for difference of opinion, the appeal of which may materially advance the ultimate termination of the litigation.

4

LeRoi-specified oil. Yet nothing was done until *after the fire* when a recall notice was sent out, advising of the potential deficiencies and warning that they could trigger a fire! For justice to be done in this case, SEACOR must be afforded a full opportunity to explore this revelation.

The first step in doing so is to complete the corporate deposition of LeRoi, which was not completed due to time constraints. To this end, counsel for SEACOR have been requesting available dates from LeRoi's counsel for a considerable period of time, as the enclosed letters to LeRoi's counsel of Novemer 10, 2000 and December 11, 2000 (attached as Exhibit "A") reflect. (This request was also made in a couple of telephone conversations.) Not until December 28, 2000 did LeRoi respond with a list of potential dates and not until this past Friday (January 5, 2001) was a schedule worked out with the many other lawyers in this case for the LeRoi deposition to be completed. It will now be completed on January 24, 2001. In that deposition, we expect to learn the names of LeRoi's representatives who were in a position to have knowledge concerning potential hose defects/compatibility problems prior to the fire. To get to the bottom of what LeRoi knew and when, we will then likely need to depose those individuals and perhaps also conduct follow-up written discovery.

Time does not permit this under the present discovery and trial schedule. In addition to this critical newly-raised issue, this case involves an array of complex technical issues – among them, hose and oil compatibility, adequacy of hose make-up procedures, compatibility of hose with fittings, compatibility of hose material with governing industry

specifications, etc. – that require more-than-more ordinary discovery time, particularly with six sets of lawyers involved all of whose calendars must be coordinated for anything to be accomplished.

Despite LeRoi's recent intention to file a motion to continue of its own, it and most defendants now oppose a continuance (the exception is Gates, which does not oppose this motion). The reason for this sudden about-face is plain enough. In a recent Minute Entry dated December 29, 2000, Magistrate Judge Sally Shushan denied in part SEACOR's motion to file an amended complaint but stated that she would reconsider her ruling in the event trial were continued. ( A motion to reconsider is pending before Magistrate Shushan based on the fact that SEACOR did not learn of the factual basis for the amended claims until the recent depositions of Hart Industries and CompAir LeRoi of October 18th). Because SEACOR did not become aware until the October 18th depositions that one or more of the defendants suppressed prior knowledge of hose deficiencies that, if conveyed, could have averted the fire, SEACOR could not have been expected to assert claims arising from this fact at an earlier time. A continuance should also be granted to permit the amended claims to move forward and be determined on the merits.

For the foregoing reasons, SEACOR respectfully submits that its motion to continue the trial of this matter should be granted.

6

Respectfully submitted:

HARRIS & RUFTY, L.L.C.

_____
RUFUS C. HARRIS, III (#6638)
ALFRED J. RUFTY, III (#19990)
GARY A. ROBINSON (#27061)
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112
(504) 525-7500
**Attorneys for SEACOR Marine, Inc. and SEACOR Offshore, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this __9__ day of January, 2001.

_____
ALFRED J. RUFTY III

7