FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 11  AH 11: 37

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND SEACOR OFFSHORE, INC. | CIVIL ACTION |
| -versus- | NO:   00-0166 |
| HOUMA FABRICATORS, A DIVISION OF LOR, INC., AIR COMPRESSOR ENERGY SYSTEMS, INC., DRESSER INDUSTRIES, INC., AND LEROI INTERNATIONAL, INC. D/B/A COMPARE LEROI | SECTION:   "S" MAG:   "1" |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN OPPOSITION TO SEACOR MARINE, INC. AND SEACOR OFFSHORE, INC.'S MOTION FOR RECONSIDERATION OF HEARING ON MOTION**

**MAY IT PLEASE THE COURT:**

On November 22, 2000, Seacor Marine, Inc. and Seacor Offshore, Inc. ("Seacor") filed with this Honorable Court a Motion for Leave to File Amended Complaint. This Motion was filed after all of the defendants in this action filed Motions for Summary Judgment alleging that, under the United States Supreme Court's holdings in *East River S. S. Corp. v. Transamerica Delaval, Inc.*, 106 S.Ct. 2295, (1986), Seacor had no standing to file its original complaint in this Court under admiralty jurisdiction, and that therefore this suit should be dismissed with prejudice as to all defendants due to this Court's lack of jurisdiction in this matter. Seacor's belated attempt to obtain leave to file an amended complaint at this late date in this litigation was but a vain attempt, realizing that the holdings of *East River* apply to this matter and that this Court does lack admiralty jurisdiction, to grasp at any straw available to try to keep this case, which should have properly been filed in state court, before this Honorable Court.

Since Seacor's belated attempt to obtain permission to file its amended complaint, some one year after the filing of its initial complaint, some three months prior to trial of this matter and w[ell]

after the deadline set by the Court for amending complaints, Magistrate Judge Shushan, in a Hearing on Motion issued by the Court on December 19, 2000, granted in part and denied in part Seacor's motion for leave to amend. In its December 19, 2000, Hearing on Motion the Court allowed Seacor to amend its complaint "for the limited purpose of permitting the plaintiffs to allege diversity jurisdiction. *See* Hearing on Motion attached as Exhibit "A" at page 4. The Court, however, denied Seacor's Motion to Amend in all other respects. Seacor has since filed with the Court a Motion for Reconsideration of the Court's Hearing on Motion in which the Court denied Seacor leave to amend except to allege diversity jurisdiction. *See* Motion for Reconsideration and Memorandum in Support of Motion for Reconsideration attached as "Exhibit"B."Defendant Air Compressor Energy Systems, Inc. ("ACES") respectfully submits this Supplemental Memorandum in Opposition to Seacor Marine, Inc. and Seacor Offshore, Inc.'s Motion for Leave to File Amended Complaint in order to clarify misstatements of law and fact contained in Seacor's Memorandum in Support of Reconsideration.

In its Memorandum in Support of Motion for Leave to File Amended Complaint, Seacor states that it requests leave to file its first supplemental and amended complaint for three essential reasons:

1. To allege the alternative jurisdictional basis of diversity in order to avoid potential dismissal of meritorious claims on the alleged basis that maritime jurisdiction is lacking.

2. To allege with greater particularity the legal grounds on which Seacor is entitled to relief, in order to clarify that viable claims exist irrespective of the East River rule and to specify damages available under each legal theory.

3. To assert new theories of legal relief (fraud, intentional and/or negligent misrepresentation, etc.) and additional damages (punitive damages) that Seacor has only recently learned are viable on the basis of facts recently learned through

discovery.

*See* Memorandum in Support of Motion for Leave to File Amended Complaint attached as Exhibit"C." Seacor's first reason presented above would seem to constitute an admission that the claims made by the defendants in their Motions for Summary Judgment, that this Court lacks admiralty jurisdiction in this matter under the *East River* rule, are true. Having been denied leave to amend for reasons two and three above, Seacor now seeks reconsideration of the Court's Hearing on Motion.

> Seacor claims in it Motion for Reconsideration that four basic reasons support its motion:
>
> First, Seacor did not learn through discovery of the factual basis for the amended tort claims until the depositions of Leroi and Hart Industries on October 18, 2000 - several months after the deadline for amending claims under the court's scheduling order. Second, with the exception of the new tort claims based on newly discovered evidence, the remaining claims stated within the amended complaint are contract-based claims that should be fairly regarded as contemplated within the original complaint under the federal notice pleading standard and relevant case law. Third, defendants have identified no prejudice they will suffer by the granting of the motion. Fourth and finally, the governing procedural rules and case law are clear that leave to amend should be"freely given" and generally has been given under the circumstances.

*See* Motion for Reconsideration at page 2. First, Seacor has named Compair Leroi as a defendant since its initial complaint was filed some one year ago, and as Seacor itself points out, it is well past the deadline imposed by the court, and agreed to by all of the parties, to amend its complaint, and Seacor is now attempting to salvage its case by completely changing the thrust of its complaint only two months prior to trial of this matter and at the very eve of discovery cutoffs. As the Court noted in its Hearing on Motion, "The amended complaint [if allowed] will require substantial additional discovery on the allegations of fraud and misrepresentation associated with the new theories of relief." *See* Hearing on Motion at page 3. The Court went on to state that "It is too late for the plaintiffs to re-write their entire complaint." *Id.* This is precisely what plaintiffs' are attempting to do. Plaintiffs are attempting to plead entirely new theories including fraud, misrepresentation,

redhibition, beach of warranty and breach of contract, in addition to their original claim under maritime law. Further, contrary to plaintiffs statements that "discovery is in its relatively early stages" and "the bulk of discovery remains to be undertaken," nothing could be further from the truth. As this Court well knows, substantial discovery has been undertaken and the Court's discovery deadlines are imminent

> Federal Rule of Civil Procedure 15 provides as follows:
>
> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has been placed upon the trial calender, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
> . . .

In the present case, Seacor has waited to amend its complaint for the first time until well after the time permitted by Rule 15 and the Court's deadline, and relies only on its hollow assertion that leave to amend should be freely given. In addition, Seacor's Amended Complaint, in addition to changing the basis claimed for jurisdiction, adds completely new theories of liability against some defendants, most notably Leroi, which do not even involve other defendants, particularly ACES, who had no knowledge of any alleged defect in the hose at issue which it could have fraudulently misrepresented. Also, in the case of ACES, claims of breach of warranty and breach of contract cannot possibly apply to it because it had no privity of contract with Seacor. Numerous courts have recognized that adding new claims or causes of action at a late stage of litigation is grounds for denying leave to amend. *See, e.g, Zurn Constructors, Inc. v. B. F. Goodrich Co.*, 746 F.Supp. 1051 (D.Kan. 1990); *Rogers v. Valentine*, 426 F.2d 1361 (C.A.N.Y. 1970); *Citizens and Southern Securities Corp. v. Braten*, 73 F.Supp. 655 (S.D.N.Y. 1990). In addition, the United States Fifth Circuit Court of Appeals, in *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314 (5th Cir. 1991), denied leave to amend stating:

> Although leave to amend pleadings shall be freely given when justice so requires, leave to amend is not automatic. The decision to grant or deny a motion to amend is in the sound discretion of the trial court. The district court denied appellants' motion for two reasons. First, the motion was untimely. The court set a final deadline for the filing for amendments, and appellants moved to amend their pleading after the deadline. We have often affirmed denials of motions to amend when the motions have been untimely filed. We also affirm denials of motions to amend when amendment would be futile.

*Id.* at 321. In the present case, the deadline to amend set by the court has long since passed, and as against ACES, given the allegations of plaintiffs' proposed amended complaint, amendment would be futile. In addition, as pointed out in the Hearing on Motion, *East River* was binding precedent at the time Seacor filed its initial complaint, and Seacor has had numerous opportunities to amend prior to November 22, 2000. Further, Seacor was put on notice that the hose was potentially defective early on in discovery, and any investigation of when Leroi became aware of the defect and any resultant allegations of fraud could and should have been investigated then. That they chose not to do so until confronted with motions to dismiss based on *East River* is not reason to now, at this late date, allow amendment. This Honorable Court should deny Seacor's Motion for Reconsideration of the Hearing on Motion.

> Federal Rule of Civil Procedure 15(c) provides that:
>
> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, . . .

In the present case, Seacor's amended complaint which it seeks leave to file, makes no mention of adopting any of the allegations of the original complaint. Thus, even if accepted by the Court, the amended complaint, which arguably fails to state a claim against ACES for which relief can be

granted, should not relate back to the original complaint due to its completely different allegations and lack of reference back to the original complaint. In fact, these completely new allegations filed well after the statute of limitations has expired should be disallowed by this Court as futile and prescribed.

    Rule 9 of the Federal Rules of Civil Procedure states that:

> (b) Fraud, Mistake, Condition of Mind.  In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . .

In its amended complaint, which Seacor seeks leave to file, it alleges fraud in its fourth claim for relief, yet does so without the requisite particularity required by Rule 9, and does not even allege fraud on the part of ACES. The purposes of the rule requiring that fraud be pled with particularity are to ensure that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of, to protect defendants from frivolous suits, to eliminate fraud actions in which all facts are learned after discovery, and to protect defendants from harm to their goodwill and reputation. *See U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F.Supp. 1055 (S.D.Ga. 1990).

    Seacor's First Supplemental and Amended Complaint, in making allegations of fraud, states:

25.

The Conduct of one or more of the defendants, including Leroi, in misrepresenting and/or suppressing the truth regarding the hose defect and/or incompatibility constituted a civil fraud. See First Supplemental and Amended Complaint filed with the Court at page 6.

    This general allegation does not meet the standard of particularity required by Rule 9. It does not even name ACES as having misrepresented or suppressed the truth, nor does it say how any of the defendants did so. It amounts to nothing more than a conclusory statement, which does not meet the requirements of Rule 9. In addition, this allegation results from facts learned after substantial

discovery was completed, and can only harm all of the defendants reputations. In particular, the reputation of ACES, who did not even know of potential problems with the subject hose until well after the fire, will be harmed by allowing this baseless and frivolous allegation to be pled. For this reason, as well as those stated above, leave to amend was properly denied and Seacor's Motion for Reconsideration should be denied as well.

Federal Rule of Civil Procedure 12(h)(3) provides that:

> (3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

In the present case, all of the defendants have suggested to the Court, through their Motions for Summary Judgment that jurisdiction is lacking under the holdings of *East River* based on the plaintiffs' complaint currently before the court. Defendant Air Compressor Energy Systems, Inc. ("ACES") reurges this suggestion to the court and further suggests that Seacor's amended compliant which it seeks leave to file will not cure the lack of jurisdiction of this Court over this matter.

In its proposed amended complaint which it seeks leave to file, Seacor states that it seeks leave to file an amended complaint:

> 1. To allege the alternative jurisdictional basis of diversity in order to avoid potential dismissal of meritorious claims on the alleged basis that maritime jurisdiction is lacking.

*See* Seacor's Memorandum in Support of Motion for Leave to File Amended Complaint at page 2. Seacor's first reason presented above would seem to constitute an admission that the claims made by the defendants in their Motions for Summary Judgment, that this Court lacks admiralty jurisdiction in this matter under the *East River* rule, are true. Seacor's new claims are being brought in a court which lacks the jurisdiction to hear them, and amending their complaint to allege the alternative grounds of diversity jurisdiction does not cure this defect, as complete diversity does not exist. ACES is a Louisiana corporation with its headquarters and principal place of business in Louisiana,

as Seacor alleges in its First Supplemental and Amending Complaint which it seeks leave to file. Seacor has its principal place of business in Louisiana as well, as the deposition testimony of Mr. Clayton Breaux, Seacor's General Manager for the Offshore Supply Vessel Division, demonstrates.

> Q. Are most of the activities that you are in charge of Texas based or Louisiana based?
>
> A. The majority of them are Louisiana based.
>
> Q. Regarding the question he just asked you, as far as the Coast Guard registry of your vessels, is that all in Louisiana?
>
> A. I think so. For the Gulf of Mexico fleet, I'm sure they're all either registered either in New Orleans or Morgan City.

*See* Deposition of Clayton Breaux at page 351. Thus, given that Seacor's principal place of business is in Morgan City and that the Coast Guard registry of the Galaxie, as well as all of Seacor's other vessels is in Louisiana, Seacor cannot claim that this Honorable Court has jurisdiction over this matter as a result of diversity. Thus, allowing Seacor leave to amend its complaint to allege diversity of citizenship would be futile, as no such diversity exists.

The allegations of the First Supplemental and Amending Complaint, in addition to the fatal flaw of lack of diversity, state no claim against defendant ACES upon which relief can be granted. In its First Supplemental and Amending Complaint Seacor makes the following allegations:

11.

The defendants either manufactured, supplied or installed this defective hose which was the proximate cause of the casualty and, consequently, the defendants are liable to the plaintiffs for damages resulting from the Galaxie fire.

12.

Some or all of the defendants, including LeRoi, were aware before the fire that the hydraulic hose was defective and/or that it was chemically incompatible with the hydraulic oil specified for use

in the compressor.

13.

Defendants acquired this knowledge after the hose and compressor had been sold and delivered but substantially before the fire.

Defendant ACES neither manufactured, supplied or installed the hose which allegedly caused the fire aboard the Galaxie. Further, ACES was not made aware of the potential defect in the hose which allegedly caused the fire aboard the Galaxie until April 21, 1999, some three months after the fire occurred. Therefore, allowing Seacor to amend its complaint to make these allegations against ACES is futile since it has already been demonstrated to the Court that none of these allegations can possibly apply to ACES.

Seacor's first claim for relief in its First Supplemental and Amending Complaint states basically that defendants breached a duty to warn of the defect in the hose. ACES could not possibly have breached such a duty as it was not made aware of the alleged defect, as pointed out above until 3 months after the fire. The Restatement (Third) of Products Liability, adopted recently by the United States Fifth Circuit Court of Appeals, provides as follows:

> **§ 10. Liability of Commercial Product Seller or Distributor for Harm Caused by Post-Sale Failure to Warn**
>
> (d) One engaged in the business of selling or otherwise distributing products is subject to liability for harm to persons or property caused by the seller's failure to provide a warning after the time of the sale or distribution of a product if a reasonable person in the seller's position would provide such a warning
> (e) A reasonable person in the seller's position would provide a warning after the time of sale if:
> (1) the seller knows or reasonably should know that the product poses a substantial risk of harm to persons and property; . . .

As pointed out above, ACES was not made aware of the alleged defect in the subject hose until some three months after the fire, therefore ACES cannot have a duty to warn of an alleged defect of which

it has no knowledge. Therefore, allowing Seacor to amend its complaint to make this allegation against ACES is futile.

Seacor's second claim for relief in its First Supplemental and Amending Complaint makes allegations only against defendant LeRoi. It makes absolutely no allegations against ACES. This portion of the amended complaint cannot possibly affect ACES and thus allowing this amendment is futile as it regards ACES.

Seacor's third claim for relief in its First Supplemental and Amending Complaint alleges misrepresentation regarding the alleged defectiveness of the subject hose. Not only was ACES unaware of the alleged defect, making it impossible for it to make any misrepresentation regarding the subject hose, but ACES had no contact with Seacor which would have given it the opportunity to make any sort of misrepresentation. ACES purchased the subject compressor from LeRoi and resold it to Houma Fabricators. ACES had no contact with Seacor regarding the sale of the compressor. Therefore, this claim for relief fails to state a claim which is cognizable against ACES and allowing amendment of the complaint to state this claim is futile as to ACES.

Seacor's fourth claim for relief stated in its First Supplemental and Amending Complaint alleges fraud against LeRoi and "one or more of the defendants." This claim does not and cannot affect ACES as ACES had no contact with Seacor in which it could have misrepresented and/or suppressed the truth regarding the hose defect. In addition, as pointed out above ACES was not even made aware of a potential defect in the subject hose until three months after the fire, so it could not possibly misrepresented or suppressed information of which it was not even aware.
Allowing amendment of Seacor's complaint to make this claim for relief against ACES is, once again futile.

Seacor's fifth claim for relief, a redhibition claim, cannot possibly apply to ACES. First, ACES did not sell the vessel to Seacor, Houma Fabricators built the vessel under a contract to build

a vessel. Second, ACES was not aware of any alleged defect in the subject hose at the time it purchased the compressor from LeRoi and resold it to Houma. It did not have the actual or constructive knowledge required for such a claim. Allowing Seacor to amend its complaint to make this allegation against ACES is futile. In addition, as Seacor admits, this case involves a contract to build a vessel, not a contract of sale. Under the law of redhibition, a contract to build a vessel is not a sale subject to a redhibitory action.

Seacor's fifth claim for relief, breach of warranty, again cannot apply to ACES, as ACES simply purchased a compressor from LeRoi and resold that compressor to Houma fabricators. ACES did not provide a warranty. In fact, the only warranty in this matter was provided to Seacor by Houma Fabricators and that warranty expired long before the occurrence of the fire aboard the Galaxie. Allowing Seacor to amend its complaint to make this allegation against ACES is futile.

The last claim for relief alleged by Seacor, breach of contract, is made only against Houma Fabricators. This claim does not and cannot be made against ACES because no contract of any kind ever existed between Seacor and ACES. There was no privity of contract between Seacor and ACES. Further, the only contract that does exist in this case, the contract to build a ship between Seacor and Houma Fabricators, contains a mandatory arbitration provision. Again, allowing Seacor to Amend its complaint, including ACES as a defendant, is futile.

If an amended complaint advances a claim which is legally insufficient on its face, the Court may deny leave to amend the complaint. *See Avatar Exploration, Inc. v. Chevron, U.S.A.*, 933 F.2d 314 (5th Cir. 1991). In this case, Seacor's claims made in its First Supplemental and Amending Complaint are clearly legally insufficient on their face, particularly with regard to defendant ACES, and this Honorable Court should deny Seacor leave to amend for the reasons presented above.

Respectfully Submitted:

ROBERT J. YOUNG, JR. (#13763)
C. BLASE McCARTHY, JR. (#25789)
**YOUNG RICHAUD & MYERS**
1515 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-1515
(504) 585-7750
**Attorney for Defendant, Air Compressor Energy Systems, Inc.**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 11th day of January, 20001 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed and first class postage prepaid.

C. BLASE McCARTHY, JR.

                Respectfully Submitted:

_____
ROBERT J. YOUNG, JR. (#13763)
C. BLASE McCARTHY, JR. (#25789)
**YOUNG RICHAUD & MYERS**
1515 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-1515
(504) 585-7750
**Attorney for Defendant, Air Compressor Energy Systems, Inc.**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 11th day of January, 2001 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed and first class postage prepaid, or by facsimile.

_____
C. BLASE McCARTHY, JR.

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**