FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 19 PM 3: 14

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | *<br>* | CIVIL ACTION |
| | * | NO.: 00-0166 |
| Plaintiffs | * | |
| | * | SECTION: "S" (1) |
| VERSUS | * | |
| | * | |
| HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPAIR LEROI | *<br>*<br>*<br>*<br>*<br>* | |
| Defendant | * | |

\* \* \* \* \* \* \* \*

### MOTION TO COMPEL DISCOVERY

NOW COME plaintiffs SEACOR Marine, Inc. and SEACOR Offshore, Inc. and, pursuant to Rule 37 of the Federal Rules of Civil Procedure, respectfully moves for an order compelling more thorough discovery responses from defendant CompAir LeRoi, on the grounds and for the reasons stated in the accompanying memorandum.

Respectfully submitted:

HARRIS & RUFTY, L.L.C.

_____
RUFUS C. HARRIS III (#6638)
ALFRED J. RUFTY III (#19990)
GARY A. ROBINSON (#27061)
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112
(504) 525-7500
**Attorneys for SEACOR Marine, Inc. and SEACOR Offshore, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this _19_ day of January, 2001

_____
ALFRED J. RUFTY III

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | * <br> * <br> * | CIVIL ACTION <br><br> NO.:   00-0166 |
| Plaintiffs | * <br> * | SECTION: "S" (1) |
| VERSUS | * <br> * | |
| HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPAIR  LEROI | * <br> * <br> * <br> * <br> * <br> * <br> * | |
| Defendant | * <br> * | |
| *       *       *       *       *       *       *       * | | |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

This memorandum is respectfully submitted by plaintiffs, SEACOR Marine, Inc. and SEACOR Offshore, Inc., in support of their motion for an order compelling complete discovery responses from defendant CompAir LeRoi.

SEACOR propounded discovery requests to LeRoi on January 19, 2000. [Exhibit "A"]. LeRoi's responses were received on April 26, 2000 [Exhibit "B"] and supplemented on June 27, 2000 [Exhibit "C"].

1

LeRoi's responses remain deficient in several respects. First, LeRoi has identified certain documents in its supplemental response that were withheld on grounds of privilege. Specifically, in its supplemental response to Request for Production No. 2, LeRoi withheld:

2.2  A "privileged" January 26, 1999 e-mail from Bob Krebs to Rod Mitton, Mike Jones, Ron Keen, Mike Risen, and Gary Kaber.

2.3  A "privileged" January 26, 1999 e-mail from Mike Jones to Rod Mitton, Bob Krebs, Mike Risen, and Gary Kaber.

2.4  A "privileged" January 26, 1999 e-mail from Rod Mitton to Mike Jones, Bob Krebs, Ron Keen, Mike Risen, and Gary Kaber.

2.5  A "privileged" February 27, 1999 e-mail from Rod Mitton to Bob Krebs, Ron Keen, Mike Risen, and Gary Kaber.

2.6  A "privileged" March 1, 1999 e-mail from Bob Krebs to Rod Mitton, Ron Keen, Mike Risen, and Gary Kaber.

2.7  A "privileged" March 2, 1999 e-mail from Rod Mitton to Bob Krebs, Ron Keen, Mike Risen, and Gary Kaber.

We strongly dispute that any privilege would apply to these documents. All were prepared well before litigation, and three of the six were prepared even before the SEACOR fire! Although LeRoi has not identified any particular privilege that it contends applies, no privilege seems appropriate. Accordingly, we dispute the claim of privilege; request a proper privilege log (identifying in general terms the nature of the communications); and ask that these documents be inspected *in camera* to determine whether they should be disclosed.

Second, LeRoi impermissibly interposes a host of blanket objections to our discovery requests. LeRoi's initial response asserts blanket objections of "privileged information," "work product," "irrelevance," undue burdensomeness, vagueness, ambiguity, and overbreadth. [see Exhibit "B"]. A similar litany of blanket objections is asserted in LeRoi's supplemental response. [see Exhibit "C"].

Because these objections are asserted in blanket fashion, SEACOR cannot know if they gave rise to the withholding of information or documents and, if so, which requests the information or documents were responsive to. SEACOR also cannot know which among the lengthy list of objections supposedly applies to each individual item of information or document withheld.

For such reasons, the courts frown on blanket objections. See, e.g., *Athridge v. Aetna Cas. & Surely Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998) ("Aetna includes the standard, boilerplate 'general objection' section in its response to plaintiff's request for production which includes blanket objections to relevance, burdensomeness, and attorney-client privilege and work product privilege. Such general objections do not comply with Fed. R. Civ. P. 34(b) and courts disfavor them."); *Disidore v. Mail Contractors*, 196 F.R.D. 410, 413 (D. Kan. 2000) (the burden is on the proponent to make a "clean showing" that the work product doctrine applies, and a "blanket claim" does not meet the burden). Because LeRoi's

3

blanket objections are improper, we respectfully ask that they be struck and that any information or documents withheld on the basis of them be disclosed.

Third, LeRoi impermissibly failed to provide a "privilege log" in invoking the attorney-client privilege and the work product doctrine in its responses to SEACOR's Requests for Production Nos. 1 and 2. Fed. R. Civ. P. 26(b)(5) requires that parties claiming a privilege "describe the nature of the documents, communications, or things not produced or disclosed in a manner that ... will enable other parties to assess the applicability of the privilege... ." LeRoi should be ordered to comply forthwith.

Fourth, SEACOR objects to LeRoi's practice, in responding to the individual discovery requests, of issuing a series of objections and then proceeding to nevertheless provide a response on the merits. LeRoi has objected to all eight production requests and all but one of sixteen interrogatories in this fashion. The serial objections deprive us of the ability to rely on the completeness of the substantive responses. Having essentially "crossed its fingers" before answering, LeRoi may not feel constrained to provide thorough substantive responses.

In pursuing this practice, LeRoi's pet objections are "overbroad" and "vague," which it recites in response to *all eight production requests* and *fifteen of sixteen interrogatories*. The objections of "undue burdensomeness"; that requests are "based upon incorrect factual assumptions"; and that requests are "not calculated to lead to admissible evidence" are also

4

sprinkled throughout LeRoi's responses. SEACOR maintains that its discovery requests are reasonable and clear and that these objections are improper.

Fifth, and of greatest concern, is LeRoi's objection to Production Request No. 2, which seeks "all records dealing with any complaints, casualties or other incidents involving units similar to CompAir's bulk air compressor (Model No. WE1 50FFII) installed aboard the GALAXIE by Houma Fabricators, Inc". In addition to raising several other objections, LeRoi states in response: "LeRoi has insufficient information at this time about the facts relevant to the incident to produce records 'dealing with any complaints, casualties or other incidents ... ' as further requested in Request No. 2." LeRoi also takes an unduly narrow view of this request, noting that there are no similar "units" since the compressor involved in this incident (like, no doubt, a large proportion of LeRoi's compressors) was configured on a skid ("customized") for placement in the vessel.

By this artful dodge, LeRoi should not be permitted to withhold critical information and records pertaining to past casualties and complaints concerning similar LeRoi compressors. We respectfully request that the Court order LeRoi to produce all such records and documentation.

In summary, SEACOR respectfully submits that LeRoi has raised a variety of specious objections and, with respect to the objections of privilege, has failed to provide a privilege log, which is necessary to permit SEACOR (and this Court) to assess the

5

reasonableness of the objections. SEACOR thus respectfully requests that the Court enter an order: (1) overruling LeRoi's objections save as to privilege; (2) compelling LeRoi to produce all responsive and non-privileged information and documents within ten days; (3) requiring that LeRoi submit a privilege log within five days; and (4) scheduling an *in camera* conference to review the allegedly privileged documents.

For the above reasons, SEACOR respectfully submits that its motion to compel should be granted.

        Respectfully submitted:

        HARRIS & RUFTY, L.L.C.

        _____
        RUFUS C. HARRIS III (#6638)
        ALFRED J. RUFTY III (#19990)
        GARY A. ROBINSON (#27061)
        1450 Poydras Street, Suite 1510
        New Orleans, Louisiana 70112
        (504) 525-7500
        **Attorneys for SEACOR Marine, Inc. and SEACOR Offshore, Inc.**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this ___15___ day of January, 2001.

_____
ALFRED J. RUFTY III

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC.<br><br>            Plaintiffs<br><br>VERSUS<br><br>HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC. , AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPAIR LEROI<br><br>            Defendant | * * * * * * * * * * * * * * | CIVIL ACTION<br><br>NO.:   00-0166<br><br>SECTION: "S" (1) |

\* \* \* \* \* \* \* \*

## NOTICE OF HEARING

SEACOR Marine, Inc. and SEACOR Offshore, Inc.'s Motion to Compel discovery responses from Comp Air LeRoi and Dresser Industries, Inc. is scheduled to be heard on the 7th day of February, 2001 at 9:00 a.m.

Respectfully submitted:

HARRIS & RUFTY, L.L.C.

_____
RUFUS C. HARRIS III (#6638)
ALFRED J. RUFTY III (#19990)
GARY A. ROBINSON (#27061)
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112
(504) 525-7500
**Attorneys for SEACOR Marine, Inc. and SEACOR Offshore, Inc.**


## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this __19__ day of January, 2001.

_____
ALFRED J. RUFTY III

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC.<br><br>Plaintiffs<br><br>VERSUS<br><br>HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC. , AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPAIR  LEROI<br><br>Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br><br>NO.:   00-0166<br><br>SECTION:  "S" (1) |

\* \* \* \* \* \* \* \*

### RULE 2.11 CERTIFICATE OF COUNSEL

In accordance with Local Civil Rule 2.11, undersigned counsel hereby certifies that counsel have conferred and were unable to resolve the issues addressed by the Motion to Compel filed by plaintiffs, SEACOR Marine, Inc. and SEACOR Offshore, Inc.

Respectfully submitted:

HARRIS & RUFTY, L.L.C.

_____
RUFUS C. HARRIS, III (#6638)
ALFRED J. RUFTY, III (#19990)
GARY A. ROBINSON (#27061)
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112
(504) 525-7500
**Attorneys for SEACOR Marine, Inc. and SEACOR Offshore, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this __19__ day of January, 2001.

_____
ALFRED J. RUFTY III

G:\Data\GALAXIE\P\Mo.to.compel.wpd

2

SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED