905-6587



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, INC., et al. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: 00-0166 |
| | * | |
| HOUMA FABRICATORS, a division of | * | SECTION: "S" |
| L.O.R. INC., et al. | * | |
| | * | MAGISTRATE: (1) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION TO EXTEND DEADLINE DATES

FILED: JANUARY _____, 2001        _____
                                                    DEPUTY CLERK

Defendant, The Gates Corporation (hereinafter "Gates"), moves to extend the deadline date for when defendants' expert reports are due. Presently that date is January 26, 2001. The reason for this request is twofold. First, trial has been continued to June 11, 2001 and plaintiff will not be prejudiced if it receives defendants' expert reports 45 days from the current deadline. Second, as to Gates, since plaintiff's expert, Courtney Busch, is still running tests on an exemplar hose according to his report of December 2000, copy attached as Exhibit "A", it cannot by the current deadline date adequately defend against the allegations of the Busch report on testing if it doesn't have same by the 26th of this month. It would have to submit another report analyzing the findings of Busch past the deadline date. Third, Gates has requested the fitting at the end of the hose which blew apart in order to examine same and perform no destructive testing. As of the

DATE OF ENTRY JAN 2 3 2001        1

filing of this motion on Friday, the 19th of January, Gates will only have a week to examine this fitting and because its counsel will be out the state on the 25th and 26th of this month, its expert will only have essentially three days to receive the fitting, study same and then return it to counsel for plaintiff. Such a small time frame will not give its expert sufficient time to prepare a meaningful report.

A fourth reason for this continuance is the request of defendant to also examine this same part. Gates submits that examination could not take place until after its examination and thus prohibiting it from having its testing expert submit his/her report by the 26th.

All parties' counsel have been contacted and none object to this proposal by Gates. Based upon the foregoing, Gates proposes that this Court order the parties to adhered to its scheduling deadlines as geared off the new trial and pretrial date.

New Orleans, Louisiana. January 18, 2001.

Respectfully submitted,

Craig R. Nelson (#8755)
WARD NELSON, L.L.C.
1539 Jackson Avenue, Sixth Floor
New Orleans, Louisiana 70130
(504) 561-5000

CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___ day of _____, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by the United States mail, properly addressed, and first class postage prepaid.

## ORDER

Considering the foregoing, **IT IS ORDERED**, all deadlines for expert reports and discovery are fixed according to the new trial and pretrial dates.

New Orleans, Louisiana. January 22, 2001.

*moot. See minute entry issued this date*

_____
MAGISTRATE JUDGE

3



# BUSCH and ASSOCIATES, INC.

187 Northshore Place • Suite B  PH: (334) 968-3791
Gulf Shores, Alabama  36542  Fax (334) 968-3792

December 22, 2000

Alfred J. Rufty III, Esq.
Harris & Rufty, L.L.C.
Suite 1510
1450 Poydras Street
New Orleans, Louisiana 70112-6050

    Re: SECOR Marine, Inc.
        M/V GALAXIE
        Oil Hose for 150SSM
        BAI Project 9932

### Proposed Testing of a Gates C5C Hose Sample

A 12" long piece of 1 13/16-inch Gates 32C5C braided hose was delivered to this laboratory on 13 December 2000. This hose is reportedly similar to the burned hose removed from the M/V GALAXIE. Then on 21 December 2000 a 5-gallon container of CompAir LeROI SSL-50 Compressor Lubricant, Part No. 204-1584-5, Lot No. 201836, was delivered to this laboratory.

The hose material will be analyzed to determine the compound(s) from which it was manufactured and the chemical content of the compound(s). The hose material will also be tested to ascertain its physical properties. The above-referenced compressor fluid will be analyzed for its chemical content.

A hose sample will then be exposed to the above compressor lubricant for determining the lubricant effects, if any, on the hose material's chemical content and/or physical properties.

It was reported that the hose material was manufactured from nitrile elastomer. If this is confirmed by testing, then the hose is not recommended for use with phosphate ester hydraulic fluid.

Upon completion of the tests, a report detailing the results will be prepared.

Respectfully submitted,

Courtney C. Busch, P. E., Ph. D.

MECHANICAL AND METALLURGICAL ENGINEERING CONSULTANTS

CCB:g

EXHIBIT A