

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
JAN 2 2 2001
2001 JAN 22 PM 3: 19
LORETTA G. WHYTE
CLERK

MINUTE ENTRY
SHUSHAN, M.J.
JANUARY 22, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEACOR MARINE, INC.                     CIVIL ACTION

VERSUS                                  NUMBER  00-0166

HOUMA FABRICATORS, ETC., ET AL.         SECTION   "S" (1)


A telephone discovery conference was held on January 19, 2001. Participating were: Alfred

J. Rufty, III, Blase McCarthy, Campbell E. Wallace, Randall Kleinman and Ronald Johnson.

A further discovery schedule is established as follows:

January 24, 2001: the continuation of the LeRoi Rule 30(b)(6) deposition at Mr. Wallace's

office at 1:00 p.m.

January 29 and 30, 2001: Mr. Cottrell of Gates and the female Gates technical representative

relative to the 8D analysis (to be identified by Mr. Wallace). Gates Corporation is to produce all

correspondence with Hart or LeRoi regarding the incompatibility issue.

Week of February 12, 2001: further fact witness depositions to be coordinated by agreement

DATE OF ENTRY **JAN 2 3 2001**

_____Fee_____
_____Process_____
X  Dktd_____(G
✓  CtRmDep_____
Doc.No._103

among counsel.

Week of March 12, 2001: further fact witness depositions to be coordinated by agreement among counsel.

The deposition of Chief Engineer, Allen Townsend, will be taken promptly. Mr. Rufty is to provide all counsel at least thirty-six (36) hours notice of Mr. Townsend's expected availability and counsel are to arrange their schedules so that the deposition and vessel inspection take place in Morgan City within seventy-two (72) hours of the vessel's return. Mr. Townsend is not to sail again until his deposition is taken according to this schedule.

Within ten (10) days Seacor will provide the name, current or last known address of the Assistant Engineer who served as the relief/change out person for Jamie Benyard.

Seacor will make Clay Stribling and Daniel Felterman available for their re-depositions. Mr. Felterman's deposition will be limited to a maximum of three (3) hours and both depositions will deal primarily with the problems encountered with the stern thruster engine and the repairs and maintenance to same before and after the fire.

Mr. Rufty, within ten (10) days of the date of entry of this order, will provide all counsel with the name, address, and employer of all investigators involved with the fire and provide a brief description of each such person's involvement.

LeRoi has asked that Seacor designate an individual who can testify with respect to the preservation of the fire scene, chain of custody for the hose at issue and the efforts made to ensure proper preservation of the evidence. Within ten (10) of the date of this order, Mr. Rufty is to respond

2

to the request and counsel shall coordinate a date for that witness's deposition. The listing of Seacor personnel as set forth above will conclude LeRoi's requests for depositions of Seacor witnesses.

The parties were instructed to coordinate their calendars and agree to the date on which plaintiff must provide all expert reports and the date on which defendants must provide all expert reports, as well as a date on which all supplemental expert reports will be served. In addition, counsel are to coordinate their calendars and set aside a week for the depositions of all experts. Within ten (10) days of the date of entry of this order, Mr. Wallace is instructed to notify the court of the dates agreed to among counsel. Once the week for the expert depositions is set, all counsel are to contact their experts and circulate to all other counsel dates during that week when their experts will be available for deposition. By no later than February 15, 2001, Mr. Wallace is to circulate to all counsel and the undersigned Magistrate Judge the completed expert deposition schedule.

Mr. Rufty is to schedule a settlement conference with the undersigned before April 18, 2001.

SALLY SHUSHAN
United States Magistrate Judge

3