U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JAN 2 5 2001
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC.<br><br>　　　　Plaintiffs<br><br>VERSUS<br><br>HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC. , AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPAIR  LEROI<br><br>　　　　Defendant | * <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* | CIVIL ACTION<br><br>NO.:   00-0166<br><br>SECTION:  "S" (1) |

\* \* \* \* \* \* \* \*

### FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

　　**NOW COME** plaintiffs SEACOR Marine, Inc. and SEACOR Offshore, Inc. and for their first supplemental and amending complaint allege with respect as follows:

1

1.

SEACOR Marine, Inc. is a corporation organized and existing under the laws of the state of Delaware, which maintains its principle place of business in Houston, Texas.

2.

SEACOR Offshore, Inc. is a corporation organized and existing under the laws of the state of Delaware, which maintains its principle place of business in Houston, Texas.

3.

At all material times, Plaintiffs owned and operated the 200 foot offshore supply vessel GALAXIE.

4.

Defendant, Houma Fabricators, a Division of L.O.R., Inc., a Georgia corporation with its principal place of business in a state other than Louisiana, constructed the GALAXIE in 1997.

5.

Defendant, Air Compressor Energy Systems, Inc., a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana, supplied the GALAXIE with a bulk air compressor.

6.

The bulk air compressor was manufactured by LeROI International, Inc. d/b/a/ CompAir LeROI, a foreign corporation, but which regularly conducts business in Louisiana and within the jurisdiction of this Honorable Court.

7.

Jurisdiction is based on 28 U.S.C. § 1333 and 28 U.S.C. § 1332, inasmuch as the parties are of diverse citizenship and the amount of the dispute exceeds $75,000, exclusive of interest and costs.

8.

On January 30, 1999, a fire erupted in the engine room of the GALAXIE, causing extensive damage to the vessel.

9.

As a result of the fire, plaintiffs incurred repair and detention losses in the approximate amount of $600,000.

10.

The proximate cause of the fire was a defective and/or prematurely deteriorated hydraulic hose connected to the bulk air compressor.

11.

The defendants either manufactured, supplied or installed this defective hose which was the proximate cause of the casualty and, consequently, the defendants are liable to the plaintiffs for damages resulting from the GALAXIE fire.

12.

Some or all of the defendants, including LeROI, were aware before the fire that the hydraulic hose was defective and/or that it was chemically incompatible with the hydraulic oil specified for use in the compressor.

13.

Defendants acquired this knowledge after the hose and compressor had been sold and delivered but substantially before the fire.

## FIRST CLAIM FOR RELIEF
(maritime tort)

14.

Plaintiffs repeat and reallege the foregoing allegations of this complaint.

15.

Because one or more of the defendants, including LeROI, learned of the hose defect/incompatibility substantially before the GALAXIE fire, these defendants owed a duty to apprise the purchasers and end-users of the compressor of the defect/incompatibility.

16.

Yet defendants breached this duty. As a result, the danger posed by the hose was not alleviated, as it easily could have been by the simple expedient of replacing the hose, which SEACOR would have accomplished had it been advised. Because this critical information was suppressed, SEACOR did not replace the hose, and the fire ensued. Defendants accordingly are liable to SEACOR for all damages arising from the fire.

## SECOND CLAIM FOR RELIEF
(LeROI's negligent provision of erroneous advice)

17.

Plaintiffs repeat and reallege the foregoing paragraphs of this complaint.

18.

Irrespective whether the compressor hose was defectively manufactured, defendant LeROI negligently caused it to become damaged by erroneously directing SEACOR, through its instruction manual, to use a certain type of synthetic hydraulic oil in the compressor. In reasonable reliance upon this advice, SEACOR used the specified oil in the compressor at all times prior to the fire.

19.

Contrary to LeROI's advice, however, the specified synthetic oil was in fact incompatible with the flexible hydraulic hose, with the result that, on contact with the specified oil, the hose began a process of accelerated deterioration, leading directly to the failure of the hose and the fire.

20.

Accordingly, the hose (even if not defectively manufactured) was damaged through the negligence of LeROI. This negligence led to the failure of the hose and proximately caused the fire, rendering LeROI liable for all resulting damages and expenses.

### THIRD CLAIM FOR RELIEF
(Intentional and/or Negligent Misrepresentation)

21.

Plaintiffs repeat and reallege the foregoing allegations of this complaint.

22.

One or more of the defendants, including LeROI, intentionally and/or negligently misrepresented to SEACOR the truth regarding the defectiveness and/or incompatibility of the hydraulic hose on the LeROI compressor.

23.

Such defendants accordingly are liable to SEACOR for all damages proximately resulting from that misrepresentation.

**FOURTH CLAIM FOR RELIEF**
(Fraud)

24.

Plaintiffs repeat and reallege the foregoing allegations of this complaint.

25.

The conduct of one or more of the defendants, including LeROI, in misrepresenting and/or suppressing the truth regarding the hose defect and/or incompatibility constituted a civil fraud.

26.

One or more of the defendants, including LeROI, accordingly are liable in fraud for all damages resulting from the GALAXIE fire, including costs, interest, and attorneys' fees.

27.

SEACOR is further entitled to punitive damages from defendant LeROI and any other defendants who knowingly and intentionally suppressed information concerning the hose defect and/or incompatibility despite possessing such information substantially before the

GALAXIE fire. This information was suppressed despite defendants' awareness that the deficient or damaged hose might well rupture and that a ruptured hydraulic hose in a ship's engine room might be expected to trigger a shipboard fire that could cause extensive property damage and perhaps claim human lives.

### FIFTH CLAIM FOR RELIEF
(Redhibition)

28.

Plaintiffs repeat and reallege the foregoing allegations of this complaint.

29.

At the time of the GALAXIE's delivery to SEACOR, the flexible hydraulic hose in the compressor in the vessel's engine room contained a redhibitory defect.

30.

This defect was within the actual or constructive knowledge of the defendants and/or is presumed to have been known by them by virtue of their status as manufacturers.

31.

Under the Louisiana Civil Code, defendants accordingly are liable in redhibition for all damages arising from the GALAXIE fire, including interest, costs and attorneys' fees.

### SIXTH CLAIM FOR RELIEF
(Breach of Warranty)

32.

Plaintiffs repeat and reallege the foregoing allegations of this complaint.

33.

At the time of delivery, the flexible hydraulic hose in the compressor aboard the vessel was not reasonably fit for ordinary use. Accordingly, under the provisions of Louisiana Civil Code Art. 2524, defendants are liable in breach of implied warranty for all damages resulting from the GALAXIE fire.

34.

Additionally, under Louisiana law, SEACOR is subrogated to the warranty rights that the defendants have against one another up the chain of title to the defective hydraulic hose. For this reason as well, defendants are liable in breach of warranty.

### SEVENTH CLAIM FOR RELIEF
(Breach of Contract)

35.

Plaintiffs repeat and reallege the foregoing allegations of the complaint.

36.

Defendant Houma Fabricators is liable to SEACOR in breach of the "Shipbuilding Contract" dated May 30, 1996. Although that contract was executed between Houma Fabricators and Waveland Marine Service, Inc., the latter (as buyer) validly assigned all of its rights, title, and interest in the contract to SEACOR pursuant to an agreement dated January 3, 1997.

37.

Under Article XVII of the contract, Houma Fabricators was obliged to provide insurance for the benefit of SEACOR and to

indemnify ... OWNER [Seacor] ... against all loss, liability and expense including attorneys' fees, howsoever arising, ... in any way directly or indirectly connected with the activities and services of BUILDER [Houma Fabricators], or any of BUILDER's agent, employees, subcontractors or invitees.

38.

The losses and expenses incurred by SEACOR as result of the GALAXIE fire clearly bear a direct or indirect connection with the activities and services of Houma Fabricators, as vessel builder, or of its subcontractor-component suppliers.

39.

Houma Fabricators has failed to discharge these contractual obligations. Houma Fabricators accordingly should be held liable to SEACOR for all losses, expenses, and attorneys' fees arising from the GALAXIE fire.

WHEREFORE, SEACOR Marine, Inc. and SEACOR Offshore, Inc., respectfully pray that:

1. A copy of this complaint, together with a summons, be served on the defendants directing that they answer the matters alleged herein;

2. That, after due proceedings, judgment be entered in favor of plaintiffs and against defendants in the full amount of plaintiffs' damages, together with interest, attorney's fees, and all costs; and

3. That plaintiffs be granted such other general and equitable relief as may properly be awarded by this Court.

Respectfully submitted:

HARRIS & RUFTY, L.L.C.

_____
RUFUS C. HARRIS III (#6638)
ALFRED J. RUFTY III (#19990)
GARY A. ROBINSON (#27061)
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112
(504) 525-7500
**Attorneys for SEACOR Marine, Inc. and SEACOR Offshore, Inc.**

**PLEASE SERVE:**

**Houma Fabricators, a Division of L.O.R.**
**Through its agent of service**
**Mr. Paul D. Butler**
**1725 Destrehan Avenue**
**Harvey, Louisiana 70058**

**Air Compressor Energy Systems, Inc.**
**Through its agent of service**
**Mr. Ronald J. Naquin**
**10151 S. Perdue**
**Baton Rouge, Louisiana 70814**

**LeROI International, Inc.**
**d/b/a CompAir LeROI**
**Through its agent of service**
**CT Corporation System**
**1300 E. Ninth Street**
**Cleveland, Ohio 44114**