

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC.<br><br>VERSUS<br><br>HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., and LEROI<br>INTERNATIONAL, INC. d/b/a/<br>COMPARE LEROI | * CIVIL ACTION<br>*<br>* NO. 00-0166<br>*<br>* SECTION "S"<br>*<br>* MAGISTRATE (1)<br>* |

### OPPOSITION TO MOTION TO COMPEL

MAY IT PLEASE THE COURT:

Defendant, LeRoi International, Inc. d/b/a CompAir LeRoi, and Dresser Industries, Inc. ("LeRoi") opposes the motion to compel filed by plaintiffs, Seacor Marine, Inc., and Seacor Offshore, Inc. ("Seacor"), as LeRoi has provided Seacor with all non-privileged documents responsive to Seacor's discovery requests, and plaintiffs have failed to carry their burden of proof to establish that the work product prepared at the direction of LeRoi attorneys is discoverable under Rule 26(B)(3), F.R.C.P. Accordingly, the court should deny Seacor's motion.

494702_1

## THE ISSUE

There was a LeRoi compressor burned at a rice mill in Arkansas the same month that the GALAXIE fire occurred. At the direction of its attorneys, LeRoi conduct an investigation of both fires (and retained a litigation consultant in the first fire). Plaintiffs want this work produce and LeRoi has declined to produce it.

## ARGUMENT

LeRoi has provided Seacor with all non-privileged documents requested by Seacor that concern the GALAXIE fire and a land-based fire at a Producers Rice Mill Inc. ("Producers Rice") facility in Arkansas. In fact, throughout this litigation, LeRoi has gone to great lengths to organize and categorize the documents responsive to Seacor's discovery, and LeRoi has supplemented its discovery responses on several occasions. Additionally, pursuant to Seacor's request, LeRoi produced three separate corporate representatives for depositions, including the "Producers Rice" fire. Finally, LeRoi recently provided Seacor with numerous additional "Producers Rice" documents in response to Seacor's 30(b)(5)(6) notice of deposition. Nevertheless, Seacor wants LeRoi to do more.[1]

However, Seacor forgets that F.R.C.P. 26(b)(3) protects documents prepared in anticipation of litigation or for trial from discovery, if such documents were prepared by a party or by or for that party's representative (including the party's attorney, consultant, surety, indemnitor, insurer, or agent). In light of F.R.C.P. 26(b)(3), LeRoi has not produced certain documents requested by Seacor, and LeRoi reiterates its specific and general objections to Seacor's request for production of these documents.

The documents at issue concern LeRoi's investigations into the Producers Rice fire and the GALAXIE fire. Gary Kaser, one of LeRoi's corporate representatives, testified in his

deposition that, immediately after learning about the Producers Rice fire, he contacted various individuals within LeRoi's in-house legal department to determine his next course of action. Those individuals then directed Mr. Kaser's activities along with those of everyone else involved in the investigation of the Producers Rice fire. Mr. Kaser testified that the same procedure was in place for the investigation of the GALAXIE fire. Therefore, documents relating to LeRoi's investigation into the facts and circumstances of either fire are not discoverable because they constitute trial preparation materials as defined by F.R.C.P. 26(b)(3).[2]

In accordance with F.R.C.P. 26(b)(5), LeRoi prepared a privilege log for the documents withheld and, pursuant to the discussions of counsel at the recent conclusion of the LeRoi corporate deposition, LeRoi hereby amends its privilege log as follows:

1. Copy of business card of litigation consultant retained in conjunction with the investigation into the facts and circumstances surrounding the Producers' Rice fire.

2. Air/oil piping air-cooled mounted drawing no. CH-2451C, generated after Producers Rice fire with highlights of areas allegedly to be involved in that fire.

3. Flex-Hose Drawing No. 73-951 Series, containing notes relevant to the investigation of the Producers Rice fire (LeRoi has produced the drawing, without any notations).

4. Draft of letter from Gary Kaser to Jack Hart of Hart Industries regarding Producers Rice fire (the final version of this document has already been produced to Seacor).

5. Two-page material data sheet for SSL-46 oil.

---

[1] See Attachment "A".
[2] Hickman v. Taylor, 329 U.S. 495 (1947).

6. January 11, 1999 internal LeRoi e-mail from Joe Ferrara to Gary Kaser, Alan Kurus, Ron Keen, and Rod Mitton, regarding Mr. Ferrara's investigation into the facts and circumstances of the Producers Rice fire.

7. January 21, 1999 correspondence from litigation investigation specialist hired to investigate Producers Rice fire to Gary Kaser, requesting a copy of the service manual, engineering specifications, product literature, etc. for the compressor in question in the Producers Rice fire.

8. January 21, 1999 correspondence from litigation consultant hired to investigate Producers Rice fire to Charles Chastain (Producers Rice) and Stanley Leavnedusky (Air Industrial Resources, LeRoi distributor), regarding evidence retention for the Producers Rice fire investigation.

9. January 26, 1999 internal LeRoi e-mail from Mike Jones to Bob Krebs, Rod Mitton, Mike Riesen, and Gary Kaser regarding proposed non-destructive hose testing by Hart and attaching Gary Kaser's letter to Jack Hart pertaining to the Producers Rice fire.

10. January 26, 1999 internal LeRoi e-mail from Rod Mitton to Mike Jones, Bob Krebs, Ron Keen, Mike Riesen, and Gary Kaser inquiring as to what was being done to replace Hart as a hose vendor.

11. January 26, 1999 internal LeRoi e-mail from Bob Krebs to Rod Mitton, Mike Jones, Ron Keen, Mike Riesen, and Gary Kaser stating that Mike Jones released part no. 73-1081 to replace part no. 73-1046 on the HQ 900.

12. January 27, 1999 internal LeRoi e-mail from Bob Krebs to Rod Mitton, Mike Jones, Ron Keen, Mike Riesen, and Gary Kaser stating that Hart was being dropped as a hose supplier and replaced by Gates.

13. January 28, 1999 internal LeRoi e-mail from Bob Krebs to Rod Mitton, Mike Jones, Ron Keen, Mike Riesen, and Gary Kaser stating that Hart report has been put into letter form.

14. January 29, 1999 memorandum from Bob Krebs to Mike Jones with a copy to Gary Kaser, Rod Mitton, and Mike Riesen.

15. February 5, 1999 two-page letter from LeRoi's litigation consultant to Mr. Kent Lockwood (Vice President of Finance and Administration for Producers Rice Mill, Inc.) pertaining to evidence tagged and collected at fire scene and arrangements to have the compressor assembly shipped to LeRoi's facilities in Sidney, Ohio.

16. February 11, 1999 internal LeRoi e-mail from Bob Krebs to Ron Keen, Lawrence Noll, Mike Riesen, and Gary Kaser stating that Hart and Gates representatives would arrive on February 16 for further update on subject hose.

17. February 15, 1999 internal LeRoi e-mail from Bob Krebs to Ron Keen, Lawrence Noll, Mike Riesen, and Gary Kaser stating that Hart representative would arrive on February 12 to discuss current problems with hoses.

18. February 22, 1999 fax from Mike Taylor to Gary Kaser, regarding replacement of the air compressor involved in the Producers Rice fire.

19. February 22, 1999 fax from Jim Spool (LeRoi in house counsel) to Gary Kaser enclosing summary of Mr. Kaser's investigation of the GALAXIE fire.

20. February 23, 1999 two-page fax from Mike Taylor (Air Industrial Resource, Inc., a LeRoi distributor) to Gary Kaser (LeRoi) regarding the Producers Rice fire and replacement of the air compressor involved.

21. February 23, 1999 two-page fax from Jim Spool (LeRoi in house counsel) to Gary Kaser, enclosing a draft of the release of all claims involved in the Producers Rice fire. (LeRoi has furnished Seacor a copy of the final release document.)

22. February 27, 1999 internal LeRoi e-mail from Rod Mitton to Bob Krebs, Ron Keen, Mike Riesen and Gary Kaser regarding GALAXIE fire, and stating that he has discussed matter with Jim Spool (LeRoi in house counsel).

23. March 1, 1999 internal LeRoi e-mail from Bob Krebs to Rod Mitton, Ron Keen, Mike Riesen and Gary Kaser regarding the hose on the GALAXIE.

24. March 2, 1999 internal LeRoi e-mail from Rod Mitton to Bob Krebs, Ron Keen, Mike Riesen and Gary Kaser asking if the hose/fitting on the GALAXIE had any identifying marks.

25. April 7, 1999 three-page fax from Mike Taylor to Gary Kaser regarding the Producers Rice fire, release of all claims, and order request from Kent Lockwood (Producers Rice).

26. April 22, 1999 two-page fax from Gary Kaser to Mike Taylor, summarizing cost of replacement for a compressor involved in the Producers Rice fire.

27. June 1, 1999 memorandum from Gary Kaser to Irwin Shur (LeRoi in house counsel) regarding the GALAXIE hose testing at the office of Courtney Busch (Seacor's expert.)

## CONCLUSION

LeRoi respectfully submits that the documents identified above, which documents were prepared at the request of LeRoi's counsel and generated by Mr. Kaser and others on behalf of LeRoi in anticipation of litigation involving the Producers Rice and GALAXIE fires, are not discoverable because they constitute trial preparation materials as defined by F.R.C.P. 26(b)(3). While LeRoi is willing to make all of these documents available for in-camera inspection, it will not produce them to Seacor absent a court order, as plaintiffs have failed to show that they cannot obtain the substantial equivalent of the materials by other means under Rule 26(B)(3).

Respectfully submitted,

_____
Campbell E. Wallace, T.A., #13195
Ivan M. Rodriguez, #22574
**CHAFFE, McCALL, PHILLIPS
TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for LeRoi International, Inc. d/b/a
CompAir LeRoi**

Certificate of Service

I hereby certify that I have on this 30 day of January, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

_____

## ATTACHMENT "A"

### Documents Produced to Plaintiffs
### Regarding Producers Rice Fire

1. Sixteen pages of CompAir LeRoi Customer Order Documents with various dates for Item #4221X61

2. One page undated Performance Warranty Plan

3. January 12, 1999 Oil Samples Data File pages (3 pages)

4. January 27, 1999 Letter from Stanley Leavendusky of Air Industrial Resource, Inc. to Rod Mitton of CompAir LeRoi, regarding Producers Rice Mill, Inc. and fire involving model #WE250SSW serial #4221X61, with handwritten notes

5. February 4, 1999 Letter from Gary Kaser of CompAir LeRoi to Mike with copy to Rod Mitton, regarding Producers Rice unit and request for clarification from the customer

6. February 22, 1999 Fax from Mike Taylor of Air Industrial Resource, Inc. to Gary Kaser of CompAir LeRoi, regarding Producers Rice Mill, Inc. replacement air compressor

7. April 5, 1999 Letter from Kent Lockwood of Producers Rice Mill, Inc. to Stanley Leavendusky of Air Industrial Resource, Inc., regarding enclosed signed release from for replacement of air compressor at the White Rice Mill for $1,565, with Release (two pages)

8. April 4, 1999 Fax from Mike Taylor of Air Industrial Resource, Inc. to Gary Kaser of CompAir LeRoi, regarding Producers Rice Mill, PO# 10400 and Release of all claims and order request

9. April 22, 1999 CompAir LeRoi Contract Order for WE300SSW water cooled 460 volt 125 PSI Auto Dual Control Nema 12 SSL 46 pwp maint kit replaces 4221X61 for $21,305, sold to Air Industrial Resource, shipped to Producers Rice Mill, Inc.

495031_1