FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB -1 PM 2:51

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | CIVIL ACTION |
| -versus- | NO:   00-0166 |
| HOUMA FABRICATORS, A DIVISION<br>OF LOR, INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPARE LEROI | SECTION:   "S"<br><br>MAG:   "1" |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENSES AND ANSWER OF AIR COMPRESSOR ENERGY SYSTEMS, INC. TO SEACOR MARINE, INC. AND SEACOR OFFSHORE, INC.'S FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Defendant, Air Compressor Energy Systems, Inc. ("ACES"), and for its Answer to the First Supplemental and Amended Complaint, respectfully avers as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Air Compressor Energy Systems, Inc. upon which relief can be granted.

### SECOND DEFENSE

Defendant, Air Compressor Energy Systems, Inc., denies that it was at fault and specifically avers that it neither caused nor contributed to the accident sued upon herein; rather, the accident was caused as a result of the fault of Complainant and/or other parties for which this Defendant is not

1

responsible in the premises.

### THIRD DEFENSE

This Honorable Court does not have subject matter jurisdiction over this matter.

### FOURTH DEFENSE

The First Supplemental and Amended Complaint has been filed after the expiration of the applicable statute(s) of limitations and, therefore, the claims made in the First Supplemental and Amended Complaint have prescribed.

### FIFTH DEFENSE

Plaintiffs, in their First Supplemental and Amended Complaint have failed to join a necessary party pursuant to Federal Rule of Civil Procedure Rule 19.

### SIXTH DEFENSE

**IN THE ALTERNATIVE**, Defendant, Air Compressor Energy Systems, Inc., specifically pleads that if Complainants did suffer any damages as a result of the allegations contained in the Complaint, said damages arose out of certain risks, dangerous, hazards, all which were plainly observable, obvious, and well known to Complainants on or before the time of the alleged fire, and said risks, dangers, and hazards were assumed by Complainants and Defendant.

### SEVENTH DEFENSE

**AS AN ALTERNATIVE DEFENSE**, Air Compressor Energy Systems, Inc. alleges that Complainants have failed to mitigate their damages thus depriving them of any rights to recovery herein.

### EIGHTH DEFENSE

Defendant reserves the right to supplement and amend these pleadings as the facts may later

disclose and require.

## NINTH DEFENSE

**FURTHER ANSWERING, IN THE ALTERNATIVE,** and only in the event that Complainants establish both negligence on the part of Defendant, Air Compressor Energy Systems, Inc., which is denied, and also liability and fault on the part of Defendant, Air Compressor Energy Systems, Inc., which is also denied, then Air Compressor Energy Systems, Inc. alternatively avers that the Complainants are comparatively negligent and that such comparative negligence on the part of Complainants proximately caused and/or contributed to the occurrence of the accident, and that the recovery of damages by Complainants herein are accordingly barred and/or are to be mitigated by such contributory/comparative negligence.

## TENTH DEFENSE

**AND NOW**, for Answer to the specific allegations of each and every paragraph of the First Supplemental and Amended Complaint, Defendant, ACES, avers as follows:

### I.

The allegations contained in Part 1 of the First Supplemental and Amended Complaint are denied for lack of sufficient information to justify a belief therein, and specifically denied as to plaintiff's principal place of business being Houston, Texas.

### II.

The allegations contained in Part 2 of the First Supplemental and Amended Complaint are denied for lack of sufficient information to justify a belief therein, and specifically denied as to plaintiff's principal place of business being Houston, Texas.

### III.

3

The allegations contained in Part 3 of the First Supplemental and Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## IV.

The allegations contained in Part 4 of the First Supplemental and Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## V.

It is admitted that Defendant, Air Compressor Energy Systems, Inc., is a Louisiana Corporation with its principle place of business in Baton Rouge, Louisiana, and that it sold a bulk air compressor to defendant Houma Fabricators which was allegedly installed in the GALAXIE after modification by a non-party to this action; all other allegations contained therein are denied.

## VI.

The allegations contained in part 6 of the First Supplemental and Amended Complaint are admitted.

## VII.

The allegations contained in part 7 of the First Supplemental and Amended Complaint are denied, as no jurisdiction exists under either 28 U.S.C. § 1333 or 28 U.S.C. § 1332.

## VIII.

The allegations contained in part 8 of the First Supplemental and Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## IX.

The allegations contained in Part 9 of the First Supplemental and Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**X.**

The allegations contained in Part 10 of the First Supplemental and Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**XI.**

The allegations contained in Part 11 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc. and require legal conclusions, therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 11 are denied.

**XII.**

The allegations contained in Part 12 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc., therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 12 are denied.

**XIII.**

The allegations contained in Part 13 of the First Supplemental and Amended Complaint are denied as to ACES.

**XIV.**

The allegations contained in Part 14 of the First Supplemental and Amended Complaint do not require an answer, but in an abundance of caution are denied as to ACES.

**XV.**

The allegations contained in Part 15 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc. and require legal conclusions, therefore no

answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 15 are denied.

### XVI.

The allegations contained in Part 16 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc. and require legal conclusions, therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 16 are denied.

### XVII.

The allegations contained in Part 17 of the First Supplemental and Amended Complaint do not require an answer, but in an abundance of caution are denied.

### XVIII.

The allegations contained in Part 18 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc., therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 18 are denied.

### XIX.

The allegations contained in Part 19 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc. and require legal conclusions, therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 19 are denied.

### XX.

The allegations contained in Part 20 of the First Supplemental and Amended Complaint do

not pertain to Air Compressor Energy Systems, Inc. and require legal conclusions, therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 20 are denied.

### XXI.

The allegations contained in Part 21 of the First Supplemental and Amended Complaint do not require an answer, but in an abundance of caution are denied.

### XXII.

The allegations contained in Part 22 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc. and require legal conclusions, therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 22 are denied.

### XXIII.

The allegations contained in Part 23 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc. and require legal conclusions, therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 23 are denied.

### XXIV.

The allegations contained in Part 24 of the First Supplemental and Amended Complaint do not require an answer, but in an abundance of caution are denied.

### XXV.

The allegations contained in Part 25 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc. and require legal conclusions, therefore no

answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 25 are denied.

### XXVI.

The allegations contained in Part 26 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc. and require legal conclusions, therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 26 are denied.

### XXVII.

The allegations contained in Part 27 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc. and require legal conclusions, therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 27 are denied.

### XXVIII.

The allegations contained in Part 28 of the First Supplemental and Amended Complaint do not require an answer, but in an abundance of caution are denied.

### XXIX.

The allegations contained in Part 29 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc., therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 29 are denied.

### XXX.

The allegations contained in Part 30 of the First Supplemental and Amended Complaint are

denied by ACES both as to prior knowledge of any alleged defect and as to ACES being a manufacturer.

### XXXI.

The allegations contained in Part 31 of the First Supplemental and Amended Complaint contain conclusions of law which do not require an answer; however, should the Court require an answer, and in an abundance of caution, those allegations are denied.

### XXXII.

The allegations contained in Part 32 of the First Supplemental and Amended Complaint do not require an answer, but in an abundance of caution are denied.

### XXXIII.

The allegations contained in Part 33 of the First Supplemental and Amended Complaint contain conclusions of law which do not require an answer, and do not apply to Defendant ACES; however, should the Court require an answer, and in an abundance of caution, those allegations are denied.

### XXXIV.

The allegations contained in Part 34 of the First Supplemental and Amended Complaint contain conclusions of law which do not require an answer; however, should the Court require an answer, and in an abundance of caution, those allegations are denied.

### XXXV.

The allegations contained in Part 35 of the First Supplemental and Amended Complaint do not require an answer, but in an abundance of caution are denied.

### XXXVI.

The allegations contained in Part 36 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc. and contain conclusions of law, therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 36 are denied.

### XXXVII.

The allegations contained in Part 37 of the First Supplemental and Amended Complaint do not pertain to Air Compressor Energy Systems, Inc., therefore no answer is required; however, should the Court require an answer, and in an abundance of caution, the allegations contained in Part 37 are denied, as Defendant ACES was not party to any such alleged contract.

### XXXIII.

The allegations contained in Part 38 of the First Supplemental and Amended Complaint contain conclusions of law which do not require an answer and do not apply to Defendant ACES; however, should the Court require an answer, and in an abundance of caution, those allegations are denied.

### XXXIX.

The allegations contained in Part 39 of the First Supplemental and Amended Complaint contain conclusions of law which do not require an answer, and do not apply to Defendant ACES; however, should the Court require an answer, and in an abundance of caution, those allegations are denied.

**WHEREFORE**, Defendant, Air Compressor Energy Systems, Inc., prays that this, its Answer to The First Supplemental and Amended Complaint, be deemed satisfactory, and that after

all due proceedings had, there be Judgment rendered herein in favor of Defendant, Air Compressor Energy Systems, Inc., and against Complainants, and that Complainants First Supplemental and Amended Complaint be dismissed, with prejudice and at Complainant's cost, and for such other relief as the justice and equity of this case may require.

Respectfully Submitted:

_____
ROBERT J. YOUNG, JR. (#14753)
C. BLASE MCCARTHY, JR. (#25789)
**YOUNG RICHAUD & MYERS**
1515 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-1515
*Attorney for Defendant, Air Compressor Energy Systems, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___1st___ day of February, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by facsimile, or by mailing the same by United States Mail, properly addressed and first class postage prepaid.

_____
C. BLASE MCCARTHY, JR.