

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

FEB 0 6 2001
2001 FEB -6 PM 4: 09

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
SHUSHAN, M.J.
FEBRUARY 6, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | CIVIL ACTION |
| VERSUS | NO: 00-0166 |
| HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., ET AL | SECTION: "S"(1) |

### HEARING ON MOTION

APPEARANCES:    Submitted on briefs

MOTION:    MOTION OF SEACOR TO COMPEL DISCOVERY

**GRANTED IN PART AND DENIED IN PART**

Before the court is the motion of the plaintiffs, SEACOR Marine, Inc. and SEACOR Offshore, Inc. (collectively referred to as "SEACOR"), to compel more complete discovery responses from CompAir LeRoi International, Inc. d/b/a CompAir LeRoi. SEACOR argues that the discovery responses are deficient for the following reasons: (1) documents have been improperly withheld from production on account of privilege; (2) the presence of blanket objections; (2) the

FEB 0 7 2001

DATE OF ENTRY

absence of a privilege log; (4) improper objections to individual discovery requests followed by responses; and (5) improper response to request no. 2. SEACOR requests the following: (1) an order overruling CompAir LeRoi's objections save as to privilege; (2) an order compelling CompAir LeRoi to produce all responsive and non-privileged information and documents within ten days; (3) a privilege log within five days; and (4) an order scheduling an *in camera* review of the allegedly privilege documents.

CompAir LeRoi responds that it has produced all non-privileged documents and contends that the only documents at issue concern its investigation into the Producers Rice fire and the GALAXIE fire. In its opposition CompAir LeRoi has produced a privilege log for twenty-seven documents. SEACOR's request for a such a log is moot. In order to resolve whether CompAir LeRoi improperly withheld any of these documents, the parties will do the following:

1. Counsel for SEACOR and CompAir LeRoi will meet and confer in person or by telephone concerning EACH document.

2. Within seven (7) days of the entry of this order (including weekends), CompAir LeRoi will submit to the court the following:

   a. A certificate showing that the parties have met and conferred in accord with number 1 above;

   b. A privilege log that shall include a detailed description of the contents of EACH DOCUMENT that remains in contention after the conference described above. Each page of each document shall be separately numbered. The privilege log shall include the date, description, originator, recipients and the nature of the privilege asserted. Attachments are considered separate documents for purposes of this minute entry; and

   c. Copies of only the documents that remain in contention and require *in camera* inspection.

3.  Within fifteen (15) days of the entry of this order (including weekends), SEACOR shall provide a memorandum in support of its position that separately addresses EACH DOCUMENT still in dispute.

CompAir LeRoi's opposition does not contain any response to SEACOR's contentions concerning improper use of blanket objections, improper objections to individual discovery requests and an improper response to request number 2. SEACOR's request for relief as to these issues is granted without opposition.

It is ORDERED that SEACOR's motion to compel is GRANTED in part and DENIED in part as follows:

1.  CompAir LeRoi's objections (except as to privilege and work product) to SEACOR's discovery are overruled;

2.  CompAir LeRoi shall produce all responsive and non-privileged information and documents within ten (10) days of the entry of this order;

3.  CompAir LeRoi and SEACOR shall comply with the terms of this minute entry concerning the resolution of CompAir LeRoi's claim of privilege with respect to certain documents.

SALLY SHUSHAN
United States Magistrate Judge