

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB -6 PM 4: 55

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

SEACOR MARINE, INC. AND           * CIVIL ACTION
SEACOR OFFSHORE, INC.             *
                                  * NO. 00-0166
VERSUS                            *
                                  * SECTION "S"
HOUMA FABRICATORS, A DIVISION     *
OF L.O.R., INC., AIR COMPRESSOR   * MAGISTRATE (1)
ENERGY SYSTEMS, INC., DRESSER     *
INDUSTRIES, INC., and LEROI
INTERNATIONAL, INC. d/b/a/
COMPAIR LEROI

## MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COMES, defendant, CompAir LeRoi, and moves this Honorable Court pursuant to

Rule 56, F.R.C.P., to render a motion for partial summary judgment on causation and in its favor

dismissing the claims by plaintiffs against it, all for the reasons more fully set forth in the

attached memorandum.



495805_1

Respectfully submitted,

Campbell E. Wallace, T.A., #13195
Ivan M. Rodriguez #22574
**CHAFFE, McCALL, PHILLIPS**
 **TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for LeRoi International, Inc. d/b/a**
**CompAir LeRoi**


Certificate of Service

I hereby certify that I have on this 6th day of February, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | * CIVIL ACTION<br>* |
| | * NO. 00-0166 |
| VERSUS | *<br>* SECTION "S" |
| | * |
| HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., and LEROI<br>INTERNATIONAL, INC. d/b/a/<br>COMPARE LEROI | * MAGISTRATE (1)<br>* |

## O R D E R

Considering the foregoing Motion for Partial Summary Judgment:

IT IS ORDERED, ADJUDGED AND DECREED that LeRoi International, Inc. d/b/a

CompAir LeRoi attached Motion for Partial Summary Judgment is granted

New Orleans, Louisiana, this _____ day of February, 2001.


_____
**UNITED STATES DISTRICT JUDGE**

495805_1

Respectfully submitted,

Campbell E. Wallace, T.A., #13195
Ivan M. Rodriguez #22574
**CHAFFE, McCALL, PHILLIPS**
  **TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
*Attorneys for LeRoi International,*
*Inc. d/b/a CompAir LeRoi*

Certificate of Service

I hereby certify that I have on this 6th day of February, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

495805_1

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

SEACOR MARINE, INC. AND          * CIVIL ACTION
SEACOR OFFSHORE, INC.            *
                                 * NO. 00-0166
VERSUS                           *
                                 * SECTION "S"
HOUMA FABRICATORS, A DIVISION    *
OF L.O.R., INC., AIR COMPRESSOR  * MAGISTRATE (1)
ENERGY SYSTEMS, INC., DRESSER    *
INDUSTRIES, INC., and LEROI
INTERNATIONAL, INC. d/b/a/
COMPARE LEROI

### MEMORANDUM IN SUPPORT OF
### MOTION FOR PARTIAL SUMMARY JUDGMENT ON CASUATION

MAY IT PLEASE THE COURT:

Plaintiffs have concluded their discovery from defendant, CompAir LeRoi ("LeRoi"), and

LeRoi submits that it is entitled to a partial summary judgment against plaintiffs on the grounds

they have no competent evidence to prove the essential elements of their product liability claims,

i.e., that anything LeRoi did or did not do caused a fire on the M/V GALAXIE.

### BACKGROUND

Plaintiffs, Seacor Marine and Seacor Offshore, Inc. ("Seacor") are the owners and

operators of an offshore supply vessel named M/V GALAXIE. The engine room of the M/V

GALAXIE caught on fire on January 30, 1999 and plaintiffs claim they have suffered property

damages and consequential loss of profits in connection with the fire. <u>See</u> Statement of Uncontested Material Facts ("UMF"), nos. 1 – 8.

## PLAINTIFFS' THEORY OF CAUSATION

Plaintiffs allege that the fire originated in a rubber hose which they claim was part of the compressor furnished by mover, LeRoi. Plaintiffs' expert has declared that:

> The cause of the fire was a compromised oil injection hose at the compressor fitting end. The pressurized heated oil mist ignited and flashed the source of the breach (the hose), resulting in the generation of heat and smoke within the confines of the engine room. <u>See</u> UMF nos. 9.

In simple terms, plaintiffs' expert says that the rubber hose separated and spewed oil into the engine room which then caught on fire plaintiffs admit that they have "one" basic contention:

Under plaintiffs' theory of the case, the rubber hose supposedly "fell apart" because the oil used in the compressor degraded the physical integrity of the hose and allowed the hose to separate during normal use. If the oil was <u>compatible</u> with the rubber hose, plaintiffs have no other theory of how any condition of a LeRoi product proximately caused the fire and resultant harm to them and their vessel.[1]

It is uncontested that SSL-50 was the only oil used in the compressor in the M/V GALAXIE. It contained no esthers and was compatible with rubber hoses. <u>See</u> UMF nos. 10 – 13.

Upon ordering the compressor components, SSL-50 was requested from LeRoi. After the compressor components were installed before the M/V GALAXIE left on its maiden voyage,

---

[1] In order to avoid any argument by plaintiffs that there is a disputed issue of fact over whether a rubber hose or hard piping was furnished by LeRoi, LeRoi hereby stipulates solely for purposes of this partial summary judgement and otherwise without prejudice that it furnished a rubber hose with the compressor at issue. However, all of the evidence is to the contrary, but not at issue in this motion for partial summary judgment on causation which assumes

SSL-50 was placed in the compressor.  While the vessel was in service, on February 28, 1998, and July 26, 1998, SSL-50 was added to the compressor.  When the compressor was repaired after the fire, SLL-50 was placed back into the compressor.  See UMF no. 10.

## PARTIAL SUMMARY JUDGEMENT STANDARDS

The summary judgement procedure is an integral part of the Federal Rules of Civil Procedure.  *Celetox v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548, 2555 (1986).  Under Rule 56, a partial summary judgment should be rendered "forthwith" if, as in this case, there is no genuine issue as to any material fact on a particular issue and the moving party is entitled to judgment as a matter of law."  See Federal Rules of Civil Procedure, Rule 56(c)(d).  A genuine dispute of material fact "requires more than showing some metaphysical doubt."  *Myers v. M/V EUGENIO C,* 919 F.2d 1070, 1072 (5th Cir. 1990).  "Material" means that a contested fact has a potential to alter the outcome of the suit under the governing law if the controversy over it is resolved satisfactorily to the non-movant.  See *Blackie v. State of Maine,* 75 F.3d 716, 721 (1st Cir. 1996); *Douglass v. United Auto Servs,* 79 F.3d 1415, 1423 and note 11 (5th Cir. 1996).

As established in *Celetox,* it is not necessary for LeRoi to introduce any evidence in order to prevail on summary judgement.  Messrs Wright and Miller explained that:

> …At least in cases in which the non-moving party (Seacor) will bear the burden of proof at trial, the movant (LeRoi) can seek summary judgement by establishing that the opposing party has insufficient evidence to prevail as a matter of law, thereby forcing the opposing party to come forward with some evidence or risk having judgment against him.  See 10A *Wright – Miller – Kane,*) Federal Practice and Procedure (3[rd] Ed. 1998) §2727, p. 474.

---

for the sake of argument that plaintiff would prevail at trial and show that the rubber hose in the compressor was the responsibility of LeRoi.

By plaintiffs' own admission, their case boils down to "...one basic contention: that LeRoi and perhaps other defendants learned after the compressor [aboard the GALAXIE] was placed in the stream of commerce that the hose was defective and/or incompatible with a LeRoi specified compressor oil and yet neglected to advise Seacor of this fact prior to the fire... Additionally, LeRoi had learned that the hydraulic oil that it had specified was incompatible with the compressor and could cause [a rubber hose] to rapidly deteriorate, presenting a significant risk of fire, and that there was a compatibility problem in the use of a rubber hose with hydraulic containing phosphate esters. See plaintiffs' motion for reconsideration.

Plaintiffs bear the burden of proving that the oil that it actually used in the compressor i.e. SSL-50, was incompatible with the rubber hose in the compressor and rendered the LeRoi product defective and unreasonably dangerous. LeRoi has pointed out that SSL-50 does not contain any esthers and is compatible with a rubber hose, according to its manufacturer, CPI. See UMF nos. 11 - 12. The burden of proof should now shift to plaintiffs to come forward with admissible, competent evidence that the SSL-50 oil it used in its compressor on the GALAXIE was incompatible with the rubber hose in the compressor and that there was any "defect" or "unreasonably dangerous condition" in the LeRoi compressor which proximately caused harm to plaintiffs. See *Skyline Air Service, Inc. v. GL CAPPS*, 916 F.2d 977 (5th Cir. 1990) (manufacturer was granted summary judgment on causation).; *Saunders v. Michelin Tire Corp.*, 942 F. 2d 299 (5th Cir. 1991). *Bulliner v. General Motors Corporation*, 54 F.R.D. 479 (D.C. N.C. 1971);

## CONCLUSION

Plaintiffs cannot establish at least one of the essential elements of their product liability claim, i.e., that anything which LeRoi did or did not do proximately caused them any harm. Without competent, admissible evidence to prove causation, plaintiffs suit should be dismissed as a matter of law pursuant to Rule 56(d), F.R.C.P.

Respectfully submitted,

Campbell E. Wallace, T.A., #13195
Ivan M. Rodriguez, #22574
**CHAFFE, McCALL, PHILLIPS**
  **TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
*Attorneys for LeRoi International, Inc. d/b/a CompAir LeRoi*

### Certificate of Service

I hereby certify that I have on this 6th day of February, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

495805_1

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | * CIVIL ACTION<br>*<br>* NO. 00-0166 |
| VERSUS | *<br>* SECTION "S" |
| HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., and LEROI<br>INTERNATIONAL, INC. d/b/a/<br>COMPARE LEROI | *<br>* MAGISTRATE (1)<br>* |

### STATEMENT OF UNCONTESTED MATERIAL FACTS

Defendant, LeRoi International, Inc. d/b/a CompAir LeRoi ("LeRoi") submits the following statement of uncontested material facts solely for purposes of and in support of its motion for partial summary judgment and otherwise without prejudice:

1.  On May 30, 1996, Waveland Marine Service, Inc. ("Waveland") and Houma Fabricators, A Division of LOR, Inc. ("Houma Fabricators"), entered into a shipbuilding contract ("the contract") for the construction of a new, fully-classed, fully-documented, and ready-for-service offshore supply vessel, the M/V GALAXIE. See Exhibit "1" (contract).

495805_1

2.    On September 6, 1996, Houma Fabricators issued a purchase order for an air compressor package from Air Compressor Energy Systems, Inc. ("ACES"). See Exhibit "2" (purchase order).

3.    ACES purchased some of the component parts used to assemble the air compressor package from LeRoi. See Exhibit "5" (LeRoi invoice).

4.    LeRoi shipped the component parts to ACES on November 18, 1996. Id .

5.    The completed air compressor package was installed in the engine room aboard the GALAXIE was a "WE150SSIIB" model with LeRoi serial no. 4256X124. *Id.*

6.    On January 3, 1997, before construction of the GALAXIE was complete, Waveland assigned all of its vessel construction contracts to its successor corporation, Seacor Marine, Inc./Seacor Offshore, Inc. ("Seacor"), plaintiffs in this lawsuit. See Exhibit "4" (Assignment).

7.    Houma Fabricators delivered the completed vessel, including the air compressor package, to Seacor in the Fall, 1997. See Exhibit "5" (Seacor deposition).

8.    The GALAXIE experienced an engine room fire on January 30, 1999, and sued Houma Fabricators, ACES and LeRoi. See Exhibit "6" (complaint).

9.    In his expert report, plaintiffs' expert, Mr. Casellas declared that:

> The cause of the fire was a compromised oil injection hose at the compressor fitting end. The pressurized heated oil mist ignited and flashed to the source of the breach (the hose) resulting in the generation of heat and smoke within the confines of the engine room.[2]

10.    SSL-50 was the only oil used in the compressor in the M/V GALAXIE. Upon ordering the compressor components, SSL-50 was requested from LeRoi.[3]  After the compressor components were installed before the M/V GALAXIE left on its maiden voyage, SSL-50 was placed in the

---

[2] See Exhibit 7, (Casellas report).
[3] See Exhibit 8, (LeRoi deposition) pp. 126-128 and Invoice Exhibit 1E.

495805_1

2

compressor.[4] While the vessel was in service, on February 18, 1998 and July 26, 1998, SSL-50 oil was added to the compressor.[5] When the compressor was repaired after the fire, SSL-50 was placed back into the compressor.[6]

11. SSL-50 oil is a mineral oil blend manufactured by CPI Engineering Services, Inc. ("CPI"). CPI provided SSL-50 oil to LeRoi and its customers. SSL 50 oil has had the following characteristics from at least 1995 to the present (according to its manufacturer):

> Flash Point - 475°F
> Fire Point - 525°F[7]

12. The SSL-50 oil contained no esthers[8] and is compatible with the Gates C5C rubber hose (according to Gates and CPI).[9]

13. While in operation, the SSL-50 oil in the compressor is typically heated to a temperature of about 185° to 200°F.[10] This temperature is well within 212°F the design limits for the Gates C5C rubber hose.[11]

14. Seacor's only tort claims are for "damages to the GALAXIE" and "detention losses" for loss of use of the GALAXIE after a fire in the engine room of the vessel. *Id.*

15. Seacor had no privity of contract with LeRoi and no contact with it prior to the fire.

---

[4] See Exhibit 9, (ACES service order dated 10/24/97).
[5] See Exhibit 10 (Engineer Log Excerpts).
[6] See Exhibit 11 (ACES service order dated 3/22/99).
[7] See Exhibit 12 (MSDS Sheets for SSL-50 and documents from CPI).
[8] *Id.*
[9] See Exhibit 13 (Gates catalog ).
[10] See Exhibit 14 (LeRoi deposition), p. 71.
[11] *Id*, pp. 69-70.

495805_1

3

Respectfully submitted,

Campbell E. Wallace, T.A., #13195
Ivan M. Rodriguez #22574
**CHAFFE, McCALL, PHILLIPS
TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for LeRoi International, Inc. d/b/a
CompAir LeRoi**

<u>Certificate of Service</u>

I hereby certify that I have on this 6th day of February, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

495805_1                                    4

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

SEACOR MARINE, INC. AND      * CIVIL ACTION
SEACOR OFFSHORE, INC.      *
     * NO. 00-0166
VERSUS      *
     * SECTION "S"
HOUMA FABRICATORS, A DIVISION      *
OF L.O.R., INC., AIR COMPRESSOR      * MAGISTRATE (1)
ENERGY SYSTEMS, INC., DRESSER      *
INDUSTRIES, INC., and LEROI
INTERNATIONAL, INC. d/b/a/
COMPARE LEROI

## NOTICE OF HEARING

PLEASE TAKE NOTICE that undersigned counsel for LeRoi International, Inc. d/b/a

CompAir LeRoi, ("LeRoi") will bring the attached motion for partial summary judgment on for

hearing before the Honorable Mary Ann Vial Lemmon on the 21st day of February, 2001 at

10:00 o'clock a.m. at the U. S. District Courthouse, 500 Camp Street, New Orleans, Louisiana.

495805_1

Respectfully submitted,

Campbell E. Wallace, T.A., #13195
Ivan M. Rodriguez #22574
**CHAFFE, McCALL, PHILLIPS**
**TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for LeRoi International, Inc. d/b/a**
**CompAir LeRoi**

Certificate of Service

I hereby certify that I have on this 6th day of February, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED