

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND <br> SEACOR OFFSHORE, INC. <br><br> VERSUS <br><br> HOUMA FABRICATORS, A DIVISION OF L.O.R., INC., AIR COMPRESSOR ENERGY SYSTEMS, INC., DRESSER INDUSTRIES, INC., and LEROI INTERNATIONAL, INC. d/b/a/ COMPARE LEROI | * CIVIL ACTION <br> * <br> * NO. 00-0166 <br> * <br> * SECTION "S" <br> * <br> * MAGISTRATE (1) <br> * |

### ANSWER TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, come defendants, LeRoi International, Inc. d/b/a CompAir LeRoi, and Dresser Industries, Inc. ("The LeRoi defendants").

The LeRoi defendants adopt, reurge, and reallege each and every one of their rule 12(B) defenses, affirmative defenses, and answer to plaintiffs original complaint as if same were copied and attached hereto *in extenso*. Further, the LeRoi defendants answer the specific allegations of the supplemental and amending complaint as follows:

I.

The allegations of paragraph I. of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

495876_1

**II.**

The allegations of paragraph II. of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

**III.**

The allegations of paragraph III of the supplemental and amending complaint are admitted.

**IV.**

The allegations of paragraph IV of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

**V.**

The allegations of paragraph V of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

**VI.**

The allegations of paragraph VI of the supplemental and amending complaint are denied because plaintiffs misstate the facts regarding the LeRoi defendants' involvement in the manufacture of one of the compressors installed aboard the M/V GALAXIE. The LeRoi defendants admit that LeRoi International, Inc. d/b/a CompAir LeRoi is a foreign corporation that conducts business in Louisiana and within the jurisdiction of this Honorable Court.

**VII.**

The allegations of paragraph VII of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

## VIII.

The allegations of paragraph VIII of the supplemental and amending complaint are denied except to admit that there was a fire aboard the M/V Galaxie on January 30, 1999.

## IX.

The allegations of paragraph IX of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

## X.

The allegations of paragraph X of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

## XI.

The allegations of paragraph XI of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations of paragraph XII of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations of paragraph XIII of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

## XIV.

The allegations of paragraph XIV of the supplemental and amending complaint do not require a response from the Leroi defendants. However, to the extent that a response is deemed necessary, the LeRoi defendants deny the allegations of paragraph XIV of the supplemental and amending complaint for lack of sufficient information to justify a belief therein.

### XV.

The allegations of paragraph XV of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

### XVI.

The allegations of paragraph XVI of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

### XVII.

The allegations of paragraph XVII of the supplemental and amending complaint do not require a response from the LeRoi defendants. However to the extent that a response is deemed necessary, the LeRoi defendants deny the allegations of paragraph XVII of the supplemental and amending complaint for lack of sufficient information to justify a belief therein.

### XVIII.

The allegations of paragraph XVIII of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

### XIX.

The allegations of paragraph XIX of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

### XX.

The allegations of paragraph XX of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

### XXI.

The allegations of paragraph XXI of the supplemental and amending complaint do not require a response from the LeRoi defendants. However to the extent that a response is deemed

necessary, the LeRoi defendants deny the allegations of paragraph XXI of the supplemental and amending complaint for lack of sufficient information to justify a belief therein.

### XXII.

The allegations of paragraph XXII of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

### XXIII.

The allegations of paragraph XXIII of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

### XXIV.

The allegations of paragraph XXIV of the supplemental and amending complaint do not require a response from the LeRoi defendants. However, to the extent that a response is deemed necessary, the LeRoi defendants deny the allegations of paragraph XXIV of the supplemental and amending complaint for lack of sufficient information to justify a belief therein.

### XXV.

The allegations of paragraph XXV of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

### XXVI.

The allegations of paragraph XXVI of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

### XXVII.

The allegations of paragraph XXVI of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

## XXVIII.

The allegations of paragraph XXVIII of the supplemental and amending complaint do not require a response from the LeRoi defendants. However, to the extent that a response is deemed necessary, the LeRoi defendants deny the allegations of paragraph XXVIII of the supplemental and amending complaint for lack of sufficient information to justify a belief therein.

## XXIX.

The allegations of paragraph XXIX of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

## XXX.

The allegations of paragraph XXX of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

## XXXI.

The allegations of paragraph XXXI of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

## XXXII.

The allegations of paragraph XXXII of the supplemental and amending complaint do not require a response from the LeRoi defendants. However, to the extent that a response is deemed necessary, the LeRoi defendants deny the allegations of paragraph XXXII of the supplemental and amending complaint for lack of sufficient information to justify a belief therein.

## XXXIII.

The allegations of paragraph XXXIII of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

### XXXIV.

The allegations of paragraph XXXIV of the supplemental and amending complaint are denied for lack of sufficient information to justify a belief therein.

### XXXV.

The allegations of paragraph XXXV of the supplemental and amending complaint do not require a response from the LeRoi defendants. However to the extent a response is deemed necessary, the LeRoi defendants deny the allegations of paragraph XXXV of the supplemental and amending complaint for lack of sufficient information to justify a belief therein.

### XXXVI.

The allegations of paragraph XXXVI of the supplemental and amending complaint do not require a response from the LeRoi defendants. However, to the extent a response is deemed necessary, the LeRoi defendants deny the allegations of paragraph XXXVI of the supplemental and amending complaint for lack of sufficient information to justify a belief therein.

### XXXVII.

The allegations of paragraph XXXVII of the supplemental and amending complaint do not require a response from the LeRoi defendants. However, to the extent a response is deemed necessary, the LeRoi defendants deny the allegations of paragraph XXXVII of the supplemental and amending complaint for lack of sufficient information to justify a belief therein.

### XXXVIII.

The allegations of paragraph XXXVIII of the supplemental and amending complaint do not require a response from the LeRoi defendants. However, to the extent that a response is deemed necessary, the LeRoi defendants deny the allegations of paragraph XXXVIII of the

supplemental and amending complaint for lack of sufficient information to justify a belief therein.

### XXXIX.

The allegations of paragraph XXXIX of the supplemental and amending complaint do not require a response from the LeRoi defendants. However, to the extent that a response is deemed necessary, the LeRoi defendants deny the allegations of paragraph XXXIX of the supplemental and amending complaint for lack of sufficient information to justify a belief therein.

### RULE 12(b) DEFENSES

### I.

This Court does not have subject matter jurisdiction over the claims asserted by plaintiffs.

### II.

Plaintiffs have failed to state a claim upon which relief can be granted.

### III.

Plaintiffs have failed to join an indispensable party.

### AFFIRMATIVE DEFENSES

**AND NOW,** in further answer to the Plaintiffs' Supplemental Complaint, the LeRoi defendants respectfully aver:

### IV.

Plaintiffs' claims against the LeRoi defendants are time barred pursuant to the applicable statute of limitations and/or the doctrine of laches.

### V.

There is no privity of contract between plaintiffs and the LeRoi defendants.

## VI.

Even if plaintiffs can establish privity of contract, plaintiffs' claims against the LeRoi defendants are subject to compulsory arbitration, and this Court is not a proper forum for litigating this matter.

## VII.

The accident sued upon herein did not involve any negligence, fault or unreasonably dangerous characteristic attributable to any product allegedly manufactured, distributed and/or sold by the LeRoi defendants for which they could be held legally responsible.

## VIII.

The accident sued upon herein and the damages allegedly suffered by plaintiffs occurred solely and only through the intervening causes of negligence, fault and the acts or omissions of third persons for whom the LeRoi defendants are not responsible, which said intervening causes were superseding causes barring any recovery against the LeRoi defendants in these proceedings.

## IX.

The LeRoi defendants aver that they have no responsibility or liability for the alleged damages complained of because the alleged accident occurred under circumstances over which they exercised no control or supervision, was not caused by their product, and was caused by persons for whom they are not liable.

## X.

The accident sued upon herein and the injuries allegedly suffered by plaintiffs occurred solely and only through the negligence and fault of plaintiffs, which is specifically and specially pled as a complete bar to any recovery against the LeRoi defendants, or, alternatively, should any negligence and fault be found against the LeRoi defendants, which is denied, then in such

alternative, the negligence or fault of plaintiffs warrant a set-off against or reduction to any recovery from the LeRoi defendants. The negligence or fault of plaintiffs include, without limitation:

(a) Failure to keep a proper lookout;

(b) Failure to maintain and service;

(c) Failure to inspect;

(d) Failure to properly operate;

(e) Failure to act as a reasonable person would under the circumstances, including inter alia, any alleged fault under the Louisiana Product Liability Act;

(f) Failure to repair, correct or remedy as provided for by law; and

(g) In the alternative only, in the event that any alleged defect is proven, which is denied, an apparent characteristic of the product which was known or obvious, or should have been known and obvious to the plaintiffs, all of which is specially pled as a complete bar to any recovery whatsoever by plaintiffs, warrants a set-off against or reduction to any recovery to which plaintiffs may allegedly be entitled from defendants.

## XI.

The product(s) sued upon did not possess a characteristic that rendered it unreasonably dangerous at the time it left the control of its manufacturer, nor did it later possess any unreasonably dangerous characteristic which resulted from a reasonably anticipated alteration or modification.

## XII.

The alleged damages complained of herein did not arise from a reasonably anticipated use of the product(s) at issue.

### XIII.

The product(s) sued upon was changed, altered or modified subsequent to the time it left the control of its manufacturer which change, alteration or modification was not reasonably anticipated by its manufacturer.

### XIV.

The manufacturer of the product(s) at issue used reasonable care to provide adequate warnings about the product. Alternatively, those alleged characteristics of the product that may allegedly cause damage or danger to its users should have been contemplated by users or handlers of the product, based upon the knowledge common to the community as to the product's characteristics; alternatively, plaintiffs already knew or reasonably should have been expected to know, the alleged characteristics of the product that may cause damage and the alleged danger due to such alleged characteristics; and, alternatively, at the time the product left the control of the manufacturer, the manufacturer did not know, and in light of then existing, reasonably available scientific and technological knowledge, could not have known of the alleged characteristics that supposedly caused the damage or the danger due to such characteristics.

### XV.

Alternatively, and only in the event that it is proven at trial of this matter that the product possessed an alleged characteristic that rendered it unreasonably dangerous at the time it left the control of its manufacturer, which is denied, and such alleged damage arose from a reasonably anticipated use of the product, which is denied, then, at the time the product left the control of its manufacturer, the manufacturer of the product(s) at issue did not possess:

(a) Technological knowledge by which it could have known of the alleged defect that allegedly caused the damage or the danger due to such alleged characteristic;

(b) Technological knowledge by which could have known of any alternative design; or

(c) An alternative design, in light of the then existing, reasonably available scientific and technological knowledge or then existing economic practicality.

### XVI.

In the further alternative, the accident sued upon herein and the damages allegedly suffered by plaintiffs were proximately caused by the failure of the plaintiffs to heed those instructions, cautions and warnings supplied with the product(s).

### XVII.

The LeRoi defendants also specifically assert all affirmative defenses available, including without limitation, any such defenses available under the Louisiana Product Liability Act, Louisiana law and/or any other laws with respect to comparative fault and several liability of other for whom the LeRoi defendants are not responsible.

### XVIII.

The LeRoi defendants pray for a trial by jury on all issues complained of herein to the extent it is available.

### XIX.

The LeRoi defendants also reserve the right, as discovery continues and as factual evidence is procured, to bring indemnity and contribution actions in these proceedings against parties by way of third party complaint, cross-claim, or otherwise as the circumstances may dictate herein.

WHEREFORE, the LeRoi defendants pray that their rule 12(B) defenses, answer, and affirmative defenses to the original and supplemental and amending complaint filed herein be deemed good and sufficient and that, after due proceedings are had, there be judgment rendered in these proceedings in their favor rejecting the demand of plaintiffs, with prejudice, and at their cost. The LeRoi defendants further pray for all costs incurred in defending this matter. Finally, the LeRoi defendants pray for all such other general, special, or equitable relief as law, equity, and the nature of this case may permit.

Respectfully submitted,

_____
Campbell E. Wallace, T.A., #13195
Ivan M. Rodriguez, #22574
**CHAFFE, McCALL, PHILLIPS
 TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for LeRoi International, Inc. d/b/a CompAir LeRoi**

Certificate of Service

I hereby certify that I have on this 8th day of February, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

_____