UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 13 PM 2:05

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | CIVIL ACTION |
| -versus- | NO: 00-0166 |
| HOUMA FABRICATORS, A DIVISION<br>OF LOR, INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPARE LEROI | SECTION: "S"<br><br>MAG: "1" |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes defendant, Air Compressor Energy Systems, Inc., ("ACES"), who respectfully requests this Honorable Court grant it summary judgment and dismiss all claims against it with prejudice and at plaintiff's cost on the ground that there are no claims against it which are cognizable in admiralty and therefore this Honorable Court does not have subject matter jurisdiction over this defendant and therefore defendant ACES should be dismissed from this action. In addition, Seacor's amended complaint makes no allegations for which ACES can be held liable, is prescribed, an indispensable party has not been joined and this court lacks diversity jurisdiction as complete diversity between the parties to this matter does not exist. Defendant ACES also respectfully requests that this Honorable Court hear this Motion for Summary Judgment on February 21, 2001, in the interest of judicial economy as several other defendants have filed summary judgment motions on the same grounds which are scheduled to be

DATE OF ENTRY FEB 14 2001

1

\_\_Fee\_\_\_\_\_
\_\_Process\_\_\_
X /Dktd\_\_\_\_\_
✓ CtRmDep\_\_\_
Doc.No.\_\_\_\_

heard on the same date. Defendant ACES further requests that this Honorable Court grant it oral argument on this Motion for Summary judgment at the hearing currently scheduled for February 21, 2001, as oral argument has already been granted to defendant in connection with its Motion for Summary Judgment scheduled for the same date.

Respectfully submitted,

_____
ROBERT J. YOUNG, JR. (#13763)
C. BLASE McCARTHY, JR. (#25789)
**YOUNG, RICHAUD & MYERS**
1100 Poydras Street
1515 Energy Centre
New Orleans, Louisiana 70163
*Attorney for Defendant, Air Compressor Energy Systems, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed this 13th day of February, 2001.

_____
ROBERT J. YOUNG, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEACOR MARINE, INC. AND SEACOR OFFSHORE, INC.** | **CIVIL ACTION** |
| -versus- | NO:      00-0166 |
| **HOUMA FABRICATORS, A DIVISION OF LOR, INC., AIR COMPRESSOR ENERGY SYSTEMS, INC., DRESSER INDUSTRIES, INC., AND LEROI INTERNATIONAL, INC. D/B/A COMPARE LEROI** | SECTION:  "S"<br>MAG:      "1" |

*************************************************************************

## ORDER

Considering the above and foregoing Motion for Summary Judgment, and the fact that other defendants in this matter have previously scheduled a hearing on February 21, 2001, on Motions for Summary Judgment on the same grounds.

**IT IS ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of defendant Air Compressor Energy Systems, Inc. is set for hearing on February 21, 2001 at 10:00 o'clock a.m., and that Air Compressor Energy Systems, Inc. is granted oral argument at the hearing scheduled for February 21, 2001.

New Orleans, Louisiana, this 13 day of February, 2001.

_____
DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | CIVIL ACTION |
| -versus- | NO:        00-0166 |
| HOUMA FABRICATORS, A DIVISION<br>OF LOR, INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPARE LEROI | SECTION:   "S"<br><br>MAG:            "1" |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Seacor Marine, Inc. ("Seacor") alleges that on January 30, 1999, a fire occurred in the engine room of its vessel, the M/V Galaxie ("Galaxie"), which was caused by a defective hose manufactured by Gates Corporation attached by Compair LeRoi ("LeRoi") to a compressor purchased from LEROI by Air Compressor Energy Systems, Inc. ("ACES"), resold by ACES to Houma Fabricators, Inc. ("Houma"), and installed aboard the Galaxie by Houma, the builder of the vessel, after substantial modification by an unnamed defendant. Seacor has filed a product liability claim for damage and detention losses as a result of this alleged fire in this Honorable Court seeking approximately $600,000.00.

The attached exhibits, a Shipbuilding Contract between Waveland Marine Services, Inc. and Houma attached as Exhibit "A," and a Subsequent Assignment of Vessel Construction Contracts between Waveland Marine Services, Inc. and Seacor Marine, Inc. attached as Exhibit "B,"

1

demonstrate that the Galaxie was constructed pursuant to the Shipbuilding Contract and that Waveland's interest in the contract was later assigned to Seacor.

## THIS COURT DOES NOT HAVE ADMIRALTY JURISDICTION

In *East River S.S. Corp. v Trans Americana Deleval*, 476 U.S. 858 (1986), the United States Supreme Court held that admiralty law did not apply to product liability actions brought under federal maritime law seeking recovery for damages caused by defective products. It held that a manufacturer in a commercial relationship has no duty under a negligence or a product liability standard to prevent a product from injuring itself. The Court held that when the only damage claimed by the plaintiff, in this case Seacor, is economic damage that:

> Exercising traditional discretion in Admiralty, we adopt an approach similar to *Seeley* and hold that a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself.

*Id.* The Court went on to hold that:

> Thus, whether stated in negligence or strict liability, no products-liability claim lies in admiralty when the only injury claimed is economic loss.

*Id.*

The United States Fifth Circuit Court of Appeals has followed this precedent in several subsequent cases. In *Nicor Supply Ships Associates v. General Motors*, 876 F.2d 501 (5th Cir. 1989), held that the precedent established by the Court in *East River* applied to all defendants who were alleged to have been responsible for a ship fire. *Nicor* involved a claim on the part of a vessel owner whose ship was damaged as a result of a fire allegedly caused by a defective engine. The vessel owner filed suit against the builder of the vessel, the manufacturer of the engine and the distributor who provided the engine to the builder of the vessel. The Court held that the owner of the vessel was

barred from recovering in tort from the vessel's builder, the distributor and also the manufacturer of the engine absent a contractual agreement to do so, citing *East River*. The Court stated:

> In *East River Steamship Corp, v. Transamerica Delaval*, the Supreme Court held that a ship-owner may not recover from the builder of a vessel or the manufacturer of its parts for damage to the vessel's engine allegedly caused by the defective design of its turbines stating:
> a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself.

*Id.* at 503. The Fifth Circuit went on to hold that:

> While failing to warn a purchaser of a defect in a product known at the time of manufacture is, of course, different from manufacturing a defective product, both negligent acts occur during the manufacturing process and before delivery of the product to the buyer. We are unable to assign to either act a relatively higher level of consciousness of wrongdoing, and thus do not discern a meaningful difference between them. Nicor's second cause of action is but a variant of its first claim, attempting to saddle the manufacturer with liability for damages that the Supreme Court has refused to impose. Were we to allow Nicor to succeed on its second claim, we would invite all purchasers of self-damaging products that were negligently manufactured but beyond the coverage of the warranty to style their complaint in terms of the manufacturer's negligent failure to warn of a known defect. Permitting recovery on such grounds would frustrate the Supreme Court's plain intention that a manufacturer be liable for the damage a product causes to itself as a result of negligent manufacture only to the extent that the parties have agreed to apportion such liability.

*Id.* at 504. Thus, under the precedential holdings of both *East River* and *Nicor*, no cause of action cognizable in admiralty exists which would allow Seacor to proceed in admiralty against ACES, even if ACES were to be considered a manufacturer rather than a distributor, and summary judgment should be granted by this Honorable Court dismissing all claims against ACES with prejudice and at plaintiff's cost.

## THIS COURT LACKS DIVERSITY JURISDICTION

Seacor's new claims are being brought in a court which lacks the jurisdiction to hear them,

and amending their complaint to allege the alternative grounds of diversity jurisdiction does not cure this defect, as complete diversity does not exist. ACES is a Louisiana corporation with its headquarters and principal place of business in Louisiana, as Seacor alleges in its First Supplemental and Amended Complaint. Seacor has its principal place of business in Louisiana as well, as the deposition testimony of Mr. Clayton Breaux, Seacor's General Manager for the Offshore Supply Vessel Division, demonstrates.

> Q. Are most of the activities that you are in charge of Texas based or Louisiana based?
>
> A. The majority of them are Louisiana based.
>
> Q. Regarding the question he just asked you, as far as the Coast Guard registry of your vessels, is that all in Louisiana?
>
> A. I think so. For the Gulf of Mexico fleet, I'm sure they're all either registered either in New Orleans or Morgan City.

*See* Deposition of Clayton Breaux at page 351, attached as Exhibit "C." Thus, given that Seacor's principal place of business is in Morgan City and that the Coast Guard registry of the Galaxie, as well as all of Seacor's other vessels is in Louisiana, Seacor cannot claim that this Honorable Court has jurisdiction over this matter as a result of diversity. Thus, Seacor's allegation of diversity of citizenship is baseless, as no such diversity exists.

### THE CAUSES OF ACTION STATED IN THE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT ARE PRESCRIBED

As a general rule, an amended complaint supercedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading. *See Wilson v. First Houston Inv. Corp.*, 566 F.2d 1235 (5th Cir. 1978), *rehearing denied* 569 F.2d 1155. An amended

complaint complete in itself and making no reference to nor adopting any portion of a prior complaint renders the latter functus officio. *See Lubin v. Chicago Title and Trust Co.*, 260 F.2d 4111 (7th Cir. 1958). An amended pleading supercedes the original which thereafter is treated as nonexistent. *See Bellen v. De Bretteville*, 239 F.2d 824 (9th Cir. 1956), *certiorari denied* 77 S.Ct. 825, 353 U.S. 947; *International Controls Corp. v. Vesco*, 556 F.2d 665 (2nd Cir. 1977), *certiorari denied* 98 S.Ct. 730, 434 U.S. 1014.

In the present case, Plaintiffs Seacor Marine, Inc. and Seacor Offshore, Inc. ("Seacor") filed their original complaint on January 18, 2000, making allegations against the named defendants regarding a fire which took place aboard a Seacor vessel, the M/V Galaxie, on January 30, 1999. *See* Seacor's Complaint attached as Exhibit "D." On or about January 25, 2001, almost two years after the fire alleged to be caused by the defendants in this matter, Seacor filed a First Supplemental and Amended Complaint with this Honorable Court alleging new theories of liability based upon the Louisiana Products Liability Act and alleging diversity of citizenship as a basis for jurisdiction. This First Supplemental and Amended Complaint makes absolutely no reference to the original complaint and further does not specifically refer to or adopt the original complaint. *See* First Supplemental and Amended Complaint attached as Exhibit "E."

Because Seacor's First Supplemental and Amended Complaint makes absolutely no reference to the original complaint and further does not specifically refer to or adopt the original complaint, it supercedes the original which thereafter is treated as nonexistent, as the jurisprudence cited above holds. Because the First Supplemental and Amended Complaint is the only complaint before the Court, because the original complaint must be treated as nonexistent, and because the applicable statutes provide for a one year statute of limitations, Seacor's allegations made in the First

Supplemental and Amended Complaint are prescribed, and should be dismissed with prejudice by this Honorable Court at plaintiffs' cost.

### SEACOR'S AMENDED COMPLAINT DOES NOT MAKE A VIABLE CLAIM AGAINST DEFENDANT ACES

Even if this Honorable Court were to find that Seacor's First Supplemental and Amended Complaint was valid as to diversity jurisdiction and was not prescribed, said First Supplemental and Amended Complaint does not state a viable claim against defendant Air Compressor Energy Systems, Inc. ("ACES"). The First Supplemental and Amended Complaint makes the following allegations:

5.

Defendant, Air Compressor Energy Systems, Inc., a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana, supplied the Galaxie with a bulk air compressor.

10.

The cause of the fire was a defective and/or prematurely deteriorated hydraulic hose connected to the bulk air compressor.

11.

The defendants either manufactured, supplied or installed this defective hose which was the proximate cause of the casualty, and, consequently, the defendants are liable to the plaintiffs for damages resulting from the Galaxie fire.

12.

Some or all of the defendants, including Leroi, were aware before the fire that the hydraulic hose was defective and/or that it was chemically incompatible with the hydraulic oil specified for use

6

in the compressor.

13.

Defendants acquired this knowledge after the hose and compressor had been sold and delivered but substantially before the fire.

With regard to defendant ACES, none of the above made allegations are true. First, defendant ACES did not supply the Galaxie with a bulk air compressor. ACES sold to Houma Fabricators, Inc. ("Houma"), a co-defendant, a bulk air compressor. This bulk air compressor was later shipped, after receipt by Houma from ACES, to Stewart & Stevenson, where an engine was substituted and attached to the bulk air compressor sold by ACES to Houma, and later installed aboard the Galaxie. *See* Documentation attached as Exhibit "F." Despite these alterations by Stewart & Stevenson, upon which ACES was never consulted, they were not named as a defendant in this case.

That the proximate cause of the fire was a defective and/or prematurely deteriorated hydraulic hose is simply a conclusory statement for which absolutely no proof has been offered. To the contrary, as noted in the Memorandum in Support of Motion for Partial Summary Judgment filed by defendant LeRoi, the hose in question, even if supplied or installed by one of the named defendants, was neither defective nor prematurely deteriorated, and could not have been because the only oil used in the subject compressor was completely compatible with the subject hose and therefore could not have resulted in premature deterioration of the hose. ACES specifically adopts the arguments regarding the defectiveness of the subject hose and the alleged incompatibility of the oil used in the subject compressor made by LeRoi in its Memorandum in Support of Motion for Partial Summary Judgment by reference. As pointed out by LeRoi in its Memorandum in Support of Motion for

7

Partial Summary Judgment, the burden falls upon Seacor at this juncture to offer this Honorable Court any evidence in its possession regarding either the defectiveness of the hose or the incompatibility of the oil used, and if it cannot this Court should grant summary judgment dismissing Seacor's claims with prejudice and at Seacor's cost.

Seacor next alleges that "Some or all of the defendants, including LeRoi, were aware before the fire that the hydraulic hose was defective and/or that it was chemically incompatible with the Hydraulic oil specified for use in the compressor," and that "Defendants acquired this knowledge after the hose and compressor had been sold and delivered but substantially before the fire." As demonstrated above, the subject hose was neither defective nor was the oil specified and actually used in the subject compressor incompatible, so none of the defendants could have known of a problem which did not exist. Further, there is absolutely no evidence that ACES new of any alleged defect prior to the fire even if one had existed, and Seacor can offer no evidence to the contrary. Rather, all of the evidence elicited during the lengthy discovery which has been conducted in this case indicates that ACES was aware of no potential defect of the hose or alleged incompatibility of the oil prior to the fire, and Seacor can produce no evidence to the contrary. *See* Deposition of Ron Naquin at page 17, attached as Exhibit "G." In addition, Seacor can offer no evidence to refute the testimony of Ron Naquin, the president of ACES, that ACES did not install or change the hose in question. *See* Exhibit "G" at page 25.

With regard to the Claims for Relief stated in the plaintiffs' First Supplemental and Amended Complaint, The First Claim for relief is addressed above in the discussion of the *East River* doctrine. In addition, Seacor's first claim for relief in its First Supplemental and Amended Complaint states basically that defendants breached a duty to warn of the defect in the hose. ACES could not

possibly have breached such a duty as it was not made aware of any alleged defect, as pointed out above, until 3 months after the fire. The Restatement (Third) of Products Liability, adopted recently by the United States Fifth Circuit Court of Appeals, provides as follows:

> **§ 10. Liability of Commercial Product Seller or Distributor for Harm Caused by Post-Sale Failure to Warn**
>
> (a) One engaged in the business of selling or otherwise distributing products is subject to liability for harm to persons or property caused by the seller's failure to provide a warning after the time of the sale or distribution of a product if a reasonable person in the seller's position would provide such a warning
> (b) A reasonable person in the seller's position would provide a warning after the time of sale if:
>  (1) the seller knows or reasonably should know that the product poses a substantial risk of harm to persons and property; . . .

As pointed out above, ACES was not made aware of any alleged defect in the subject hose until some three months after the fire, therefore ACES cannot have a duty to warn of any alleged defect of which it had no knowledge, even if such a defect had existed, and it did not.

The plaintiffs' Second Claim for Relief makes a claim only against defendant LeRoi and does not even attempt to state a claim against ACES. The Plaintiffs' Third Claim for Relief, negligent misrepresentation regards the defectiveness and/or compatibility of the hose, which, as pointed out above was neither defective nor incompatible.

Plaintiffs' Fourth Claim for Relief, fraud, is again based upon the alleged defectiveness and/or incompatibility of the hose, neither of which existed. Further, Rule 9 of the Federal Rules of Civil Procedure states that:

> (b) Fraud, Mistake, Condition of Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . .

In its amended complaint, Seacor alleges fraud in its fourth claim for relief, yet does so without the

9

requisite particularity required by Rule 9, and does not even allege fraud on the part of ACES. The purposes of the rule requiring that fraud be pled with particularity are to ensure that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of, to protect defendants from frivolous suits, to eliminate fraud actions in which all facts are learned after discovery, and to protect defendants from harm to their goodwill and reputation. *See U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F.Supp. 1055 (S.D.Ga. 1990).

Seacor's First Supplemental and Amended Complaint, in making allegations of fraud, states:

25.

The Conduct of one or more of the defendants, including Leroi, in misrepresenting and/or suppressing the truth regarding the hose defect and/or incompatibility constituted a civil fraud. *See* First Supplemental and Amended Complaint filed with the Court at page 6.

This general allegation does not meet the standard of particularity required by Rule 9. It does not even name ACES as having misrepresented or suppressed the truth, nor does it say how any of the defendants did so. It amounts to nothing more than a conclusory statement, which does not meet the requirements of Rule 9. In addition, this allegation results from facts learned after substantial discovery was completed, and can only harm all of the defendants reputations. In particular, the reputation of ACES, who did not even know of alleged potential problems with the subject hose until well after the fire and could not have since none existed, will be harmed by allowing this baseless and frivolous allegation to be pled. For this reason, as well as those stated above, ACES should be granted summary judgment dismissing plaintiffs' claims with prejudice and at plaintiffs' cost.

Seacor's Fifth Claim for Relief, a redhibition claim, cannot possibly apply to ACES. First,

ACES did not sell the vessel to Seacor, Houma Fabricators built the vessel under a contract to build a vessel. Second, ACES was not aware of any alleged defect and/or incompatibility concerning the subject hose at the time it purchased the compressor from LeRoi and resold it to Houma, and could not have been, as discussed above, since none existed. It did not have the actual or constructive knowledge required for such a claim. In addition, as Seacor admits, this case involves a contract to build a vessel, not a contract of sale. Under the law of redhibition, a contract to build a vessel is not a sale subject to a redhibitory action. For this reason, as well as those stated above, ACES should be granted summary judgment dismissing plaintiffs' claims with prejudice and at plaintiffs' cost.

Seacor's Sixth Claim for Relief, breach of warranty, again cannot apply to ACES, as ACES simply purchased a compressor from LeRoi and resold that compressor to Houma Fabricators. ACES did not provide a warranty. In fact, the only warranty involved in this matter was provided to Seacor by Houma Fabricators and that warranty expired long before the occurrence of the fire aboard the Galaxie.

The last Claim for Relief alleged by Seacor, breach of contract, is made only against Houma Fabricators. This claim does not and cannot be made against ACES because no contract of any kind ever existed between Seacor and ACES. There was no privity of contract between Seacor and ACES. Further, the only contract that does exist in this case, the contract to build a ship between Seacor and Houma Fabricators, contains a mandatory arbitration provision. For these reasons, as well as those stated above, ACES should be granted summary judgment dismissing plaintiffs' claims with prejudice and at plaintiffs' cost.

## CONCLUSION

For the reasons presented above, Summary Judgment should be granted to ACES by this

Honorable Court dismissing all claims against it with prejudice and at plaintiff's cost.

Respectfully submitted,

*[signature: Robt Young]*

ROBERT J. YOUNG, JR. (#13760)
C. BLASE McCARTHY, JR. (#25789)
**YOUNG, RICHAUD & MYERS**
1100 Poydras Street
1515 Energy Centre
New Orleans, Louisiana 70163
*Attorney for Defendant, Air Compressor Energy Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed this 13th day of February, 2001.

*[signature: Robt Young]*

ROBERT J. YOUNG, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEACOR MARINE, INC. AND**<br>**SEACOR OFFSHORE, INC.** | **CIVIL ACTION** |
| -versus- | NO:       00-0166 |
| **HOUMA FABRICATORS, A DIVISION**<br>**OF LOR, INC., AIR COMPRESSOR** | SECTION:  "S" |
| **ENERGY SYSTEMS, INC., DRESSER**<br>**INDUSTRIES, INC., AND LEROI**<br>**INTERNATIONAL, INC. D/B/A**<br>**COMPARE LEROI** | MAG:      "1" |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF UNCONTESTED FACTS

Air Compressor Energy Systems, Inc. ("ACES") submits that the following facts are uncontested.

1. Waveland Marine Service, Inc. and Houma Fabricators entered into a shipbuilding contract for the construction of the M/V Galaxie on May 30, 1996.

2. Waveland Marine Service, Inc. assigned its rights and obligations under this contract to Seacor Marine, Inc. on January 3, 1997.

3. ACES purchased an air compressor unit from Compair LeRoi which it then resold to Houma Fabricators, who then sent the said compressor to Stewart & Stevenson, an unnamed defendant, who made substantial alterations to said compressor unit and returned it to Houma Fabricators.

4. Houma Fabricators then installed said unit onboard the Galaxie.

13

5. Houma Fabricators delivered the completed vessel, including the air compressor manufactured by Compair LeRoi, to Seacor in the fall of 1997.

6. The Galaxie allegedly experienced a fire in its engine room on January 30, 1999, as a result of which Seacor sued Houma Fabricators, ACES, and LeRoi.

7. Seacor stated in its original complaint that this Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333, and Seacor expressly designated this suit as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

7. Seacor's only claims are for damages to the Galaxie and detention losses for loss of use of the Galaxie during the period the vessel underwent repairs.

8. Seacor has since submitted a Supplemental and Amended Complaint to this Court in which it makes allegations based upon completely new theories of liability, which was submitted to this Court well after the applicable statutes of limitations had run.

9. Seacor has no privity of contract with ACES.

10. The flexible hydraulic hose and oil which are the subject of this action and was actually used in the compressor installed aboard the Galaxie are neither defective nor incompatible.

Respectfully submitted,

_____
ROBERT J. YOUNG, JR. (#13763)
C. BLASE McCARTHY, JR. (#25789)
**YOUNG, RICHAUD & MYERS**
1100 Poydras Street
1515 Energy Centre
New Orleans, Louisiana 70163
*Attorney for Defendant, Air Compressor Energy Systems, Inc.*

14

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed this 13th day of February, 2001.

*/s/ Robert J. Young, Jr.*
ROBERT J. YOUNG, JR.

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**