

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
**FEB 1 5 2001**
2001 FEB 15 PM 4:55
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND SEACOR OFFSHORE, INC. | CIVIL ACTION |
| VERSUS | NO. 00-0166   SECTION S (1) |
| HOUMA FABRICATORS, A DIVISION OF LOR, INC., AIR COMPRESSOR INDUSTRIES, INC., AND LEROI INTERNATIONAL, INC. D/B/A COMPARE LEROI | JUDGE LEMMON<br><br>MAGISTRATE JUDGE SHUSHAN |

### ANSWER OF HOUMA FABRICATORS TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

NOW COMES DEFENDANT, Houma Fabricators, a Division of LOR, Inc., ("Houma Fabricators"), through undersigned counsel and in response to the First Supplemental and Amending Complaint filed by plaintiffs, Seacor Marine, Inc. and Seacor Offshore, Inc. (collectively "Seacor"), avers as follows:

### DEFENSES

Houma Fabricators pleads in the alternative and preserves the following defenses in accordance with the Federal Rules of Civil Procedure:

1

## FIRST DEFENSE

The Plaintiffs have failed to accomplish sufficient service of process upon the defendant.

## SECOND DEFENSE

The Plaintiffs' action was brought in an improper venue.

## THIRD DEFENSE

This Honorable Court lacks personal jurisdiction over the Defendant.

## FOURTH DEFENSE

This Honorable Court lacks jurisdiction over the subject matter of the action.

## FIFTH DEFENSE

The Plaintiffs' First Supplemental and Amending Complaint is barred by prescription, peremption, the applicable statute of limitations and/or laches.

## SIXTH DEFENSE

The Plaintiffs have failed to join an indispensable party.

## SEVENTH DEFENSE

The Plaintiffs' First Supplemental and Amending Complaint has failed to state a cause of action.

## EIGHTH DEFENSE

The Plaintiffs have no right of action or interest to institute the suit.

## NINTH DEFENSE

Houma Fabricators pleads the comparative and/or contributory fault of the plaintiffs in bar or mitigation of recovery.

## TENTH DEFENSE

The Plaintiffs' losses were caused or brought about by ordinary and normal risks that were voluntarily assumed by plaintiffs and for which defendants herein are in no way responsible.

## TWELFTH DEFENSE

Plaintiffs have failed to mitigate damages.

## THIRTEENTH DEFENSE

Any loss allegedly sustained by the Plaintiffs was solely and proximately caused by the fault and/or negligence of a third party for whom Defendant is in no way responsible or liable.

## FOURTEENTH DEFENSE

The damages claimed by the Plaintiffs arose as a result of a pre-existing and/or subsequently developing condition, which was neither caused nor aggravated by any act or omission of these defendants, thus barring or mitigating any recovery by Plaintiffs herein.

## FIFTEENTH DEFENSE

The Defendant specifically denies that the losses alleged in the First Supplemental and Amending Complaint was in any way caused by the negligence or fault of Houma Fabricators.

## SIXTEENTH DEFENSE

This Defendant reserves the right to file supplemental and amending pleadings as required and to conform to the evidence produced during discovery and investigation.

**SEVENTEENTH DEFENSE**

The Plaintiff's Complaint is barred on the grounds that the disputes over the subject matter of this action are governed by an arbitration clause as provided by contract between the parties.

**EIGHTEENTH DEFENSE**

And now, for answer to the particular averments of the First Supplemental and Amending Complaint, Houma Fabricators avers as follows:

1.

Houma Fabricators is unable to admit or deny the averments contained in Paragraph 1 as this Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

2.

Houma Fabricators is unable to admit or deny the averments contained in Paragraph 2 as this Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

3.

Houma Fabricators admits the averments contained in Paragraph 3 to the extent of acknowledging that the Plaintiffs became the owners and operators of an offshore supply vessel, the M/V GALAXIE, pursuant to the assignment on January 3, 1997 of a Shipbuilding Contract between Waveland Marine Service, Inc. and Houma Fabricators.

4.

Houma Fabricators admits the averments contained in Paragraph 4 with the exception of admitting that the construction of the M/V GALAXIE occurred exclusively in 1997.

5.

Houma Fabricators can neither admit nor deny the averments contained in Paragraph 5 regarding the incorporation and principal place of business of Air Compressor Energy Systems, Inc. for lack of knowledge or information sufficient to form a belief as to the truth thereof; Houma Fabricators admits that Air Compressor Energy Systems, Inc. supplied a bulk air compressor for installation on the M/V GALAXIE.

6.

Houma Fabricators can neither admit nor deny the averments contained in Paragraph 6 as this defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding the corporate existence and conduct of business by LeRoi International, Inc., d/b/a CompAir/LeRoi; Houma Fabricators admits that a bulk air compressor was manufactured by LeRoi International, Inc. d/b/a CompAir/LeRoi.

7.

Houma Fabricators denies the averments contained in Paragraph 7.

8.

Houma Fabricators admits the averments contained in Paragraph 8 to the extent of acknowledging that a fire occurred in the engine room of the M/V GALAXIE on January 30, 1999; all other averments are denied.

9.

Houma Fabricators denies the averments contained in Paragraph 9.

10.

Houma Fabricators denies the averments contained in Paragraph 10.

11.

Houma Fabricators denies the averments contained in Paragraph 11 to the extent they are intended to apply to this Defendant.

12.

Houma Fabricators denies the averments contained in Paragraph 12 to the extent they are intended to apply to this Defendant.

13.

Houma Fabricators denies the averments contained in Paragraph 13 to the extent they are intended to apply to this Defendant.

14.

Houma Fabricators repeats and realleges its responses to the foregoing averments.

15.

Houma Fabricators denies the averments contained in Paragraph 15 to the extent they are meant to apply to this Defendant.

16.

Houma Fabricators denies the averments contained in Paragraph 16 to the extent they are meant to apply to this Defendant.

17.

Houma Fabricators repeats and realleges its responses to the foregoing allegations.

18.

Houma Fabricators denies the averments contained in Paragraph 18 to the extent they are intended to apply to this Defendant; otherwise, Houma Fabricators is unable to admit or deny the averments contained in this paragraph as this defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

19.

Houma Fabricators denies the averments contained in Paragraph 19 to the extent they are intended to apply to this defendant; otherwise, this defendant is unable to admit or deny the averments contained in this paragraph as this defendant is without knowledge or information sufficient to form a belief as to the truth of those averments.

20.

Houma Fabricators denies the averments contained in Paragraph 20 to the extent they are intended to apply to this defendant; otherwise, Houma Fabricators is unable to admit or deny the averments contained in this paragraph as this Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

21.

Houma Fabricators repeats and realleges its responses to the foregoing averments.

22.

Houma Fabricators denies the averments contained in Paragraph 22 to the extent they are intended to apply to this Defendant; otherwise, Houma Fabricators is unable to admit or deny the averments contained in this paragraph as this Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

23.

Houma Fabricators denies the averments contained in Paragraph 23 to the extent they are intended to apply to this Defendant; otherwise, Houma Fabricators is unable to admit or deny the averments contained in this paragraph as this Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

24.

Houma Fabricators repeats and realleges its responses to the foregoing averments.

25.

Houma Fabricators denies the averments contained in Paragraph 25 to the extent they are intended to apply to this Defendant; otherwise, Houma Fabricators is unable to admit or deny the averments contained in this paragraph as this Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

26.

Houma Fabricators denies the averments contained in Paragraph 26 to the extent they are intended to apply to this Defendant; otherwise, Houma Fabricators is unable to admit or deny the averments contained in this paragraph as this Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

27.

Houma Fabricators denies the averments contained in Paragraph 27 to the extent they are intended to apply to this Defendant; otherwise, Houma Fabricators is unable to admit or deny the averments contained in this paragraph as this Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

28.

Houma Fabricators repeats and realleges its responses to the foregoing averments.

29.

Houma Fabricators denies the averments contained in Paragraph 29.

30.

Houma Fabricators denies the averments contained in Paragraph 30.

31.

Houma Fabricators denies the averments contained in Paragraph 31.

32.

Houma Fabricators repeats and realleges its responses to the foregoing averments.

33.

Houma Fabricators denies the averments contained in Paragraph 33.

34.

Houma Fabricators denies the averments contained in Paragraph 34.

35.

Houma Fabricators repeats and realleges its responses to the foregoing averments.

36.

Houma Fabricators denies the averments contained in Paragraph 36, with the exception of admitting that a Shipbuilding Contract dated May 30, 1996 was executed by Houma Fabricators and Waveland Marine Service, Inc.; and that an "Assignment of Vessel Construction Contracts" was executed by Waveland Marine Service, Inc., and Seacor Marine, Inc. on January 3, 1997; the documents are the best evidence of their terms, conditions and limitations.

37.

Houma Fabricators avers that the Shipbuilding Contract is the best evidence of its terms, conditions and limitations, including the articles relating to insurance and indemnity; Houma Fabricators denies the averments contained in Paragraph 37.

38.

Houma Fabricators denies the averments contained in Paragraph 38.

39.

Houma Fabricators denies the averments contained in Paragraph 39.

40.

Houma Fabricators denies any averments contained in unnumbered or misnumbered paragraphs, including the prayer for relief.

**WHEREFORE,** Houma Fabricators, A Division of LOR, Inc., prays that its Defenses and this Answer be deemed good and sufficient and that after due proceedings are had,

judgment be rendered in favor of Defendant and against Plaintiffs and that the First Supplemental and Amending Complaint be dismissed with prejudice, and that all costs of these proceedings be assessed against the Plaintiffs, in addition to any and all legal or equitable relief permissible in the premises.

*[signature]*
RONALD A. JOHNSON, T.A. (#7329)
ROBERT H. WOOD, (#23598)
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
One Shell Square,
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone (504) 528-3001
Attorneys for Houma Fabricators,
A Division of LOR, Inc.

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this __15th__ day of February, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

*[signature]*