905-6585.



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, INC., et al. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: 00-0166 |
| | * | |
| HOUMA FABRICATORS, a division of | * | SECTION: "S" |
| L.O.R. INC., et al. | * | |
| | * | MAGISTRATE: (1) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO**
**STATEMENT OF UNCONTESTED MATERIAL FACTS**

FILED: MARCH _____, 2001            _____
                                                          DEPUTY CLERK

**MAY IT PLEASE THE COURT:**

Defendant, LeRoi International d/b/a CompAir LeRoi (hereinafter "LeRoi") has submitted a Statement of Uncontested Material Facts which has two statements that are false and misleading. The purpose of this memorandum is to point out those facts and not take a position on whether or not the Motion for Summary Judgment should be granted. The incorrect Statement of Facts are No. 12 and No.13 wherein the use of SSL-50 oil was allegedly "compatible" with the "Gates' C5C rubber hose" and also the temperature same was heated to was supposedly "well within the 212°F design limits for the Gates' C5C rubber hose". The factual "support" given for those statements was page 103 from a Gates' catalog – <u>nothing else</u>. No testimony from any witness. No documentation whatsoever from any of these defendants or the plaintiffs showing that a

1

Gates' hose was purchased and installed in the M/V GALAXIE prior to the fire in question. In fact, as all counsel know, the burned out hulk of the alleged hydraulic hose contains no identifying marks indicating who the manufacturer of that hose was. Why? Because the cover is completely burned off leaving nothing but the interior of the hose. Gates also refers the Court to the answers to discovery propounded by it to LeRoi whereby LeRoi admits it had no proof or any idea who the manufacturer of the Gates hose was that is made the subject of their Third-Party Complaint against it. In fact, every deposition of every individual taken thus far, when asked who the manufacturer of the hose was, has replied that he or she doesn't know.

Gates also notes in the Motion for Summary Judgment filed by Houma Fabricators, a division of L.O.R., Inc. (hereinafter "Houma Fabricators") on page 17 it makes the statement "The parties have learned through discovery that the allegedly faulty Gates' C5C hose was fully compatible with the SSL-50 hydraulic oil used in the compressor". This is another false and misleading statement. Houma Fabricators doesn't submit any evidence to support this claim that it was a Gates' C5C hose and only refers the Court to the Motion for Summary Judgment filed by CompAir LeRoi which Houma Fabricators adopts by reference. Once again, Gates takes no position on whether or not Houma Fabricators' Motion for Summary Judgment should be granted or denied. It simply points out to the Court it has no basis in which to conclude a Gates' C5C hose was involved in the fire made the subject of this lawsuit.

Gates also points out on two occasions the corporate deposition of The Gates Corporation was scheduled by counsel for LeRoi and counsel for plaintiff by and canceled by them a day or two before it was to be taken. Same is currently set, by

telephone, for March 13, 2001. Presumably, inquiry will be made of the Gates' representative, the person most likely to know if it manufactured subject hose, as to who manufactured the hose. The response will be there is no evidence to say that Gates was the manufacturer or that Gates was not the manufacturer of subject hose. Since the exterior covering was burned off there is no way to tell who the manufacturer was.

Considering the foregoing, Gates submits the parties have no basis for submitting pleadings making statements to the Court that are totally wrong and inaccurate regarding the manufacturer of the hose made the subject of this lawsuit.

New Orleans, Louisiana. March 5, 2001.

Respectfully submitted,

CERTIFICATE OF SERVICE

I hereby certify that I have on this 5th day of March, 01, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by the United States mail, properly addressed, and first class postage prepaid.

Craig R. Nelson, (#8755)
Ward Nelson, LLC
Sixth Floor
1539 Jackson Avenue
New Orleans, Louisiana
(504) 561-5000

3