

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 MAR -8 AM 8:47
MAR 0 8 2001
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEACOR MARINE, INC. AND SEACOR OFFSHORE, INC.** | * * * | CIVIL ACTION |
| **Plaintiffs** | * * | NO.: 00-0166 |
| **VERSUS** | * * | SECTION: "S" (1) |
| **HOUMA FABRICATORS, A DIVISION OF L.O.R., INC., AIR COMPRESSOR ENERGY SYSTEMS, INC., DRESSER INDUSTRIES, INC., AND LEROI INTERNATIONAL, INC. D/B/A COMPAIR LEROI** | * * * * * * * | |
| **Defendant** | * * | |

\* \* \* \* \* \* \* \*

### SEACOR'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO LEROI'S SUMMARY JUDGMENT MOTION

SEACOR respectfully submits this supplemental memorandum to respond to arguments raised by defendant CompAir LeRoi ("LeRoi") in its recently filed-supplemental supporting memorandum.

1



## Stern Thruster

LeRoi says that SEACOR's contention that the stern thruster was purchased separately from the vessel is "ludicrous" but it does not show this to be the case. The fact that LeRoi cannot rebut is that the president (Butch Monnier) of the vessel's manufacturer/seller, Houma Fabricators, has himself acknowledged in deposition that SEACOR purchased the stern thruster, not under the contract with his company, but rather separately from a third party. As previously argued, because the stern thruster was not supplied by Houma under its contract with SEACOR, a claim for damage to the stern thruster is not precluded under *East River*.

## Temperature Rating

LeRoi also cannot escape the testimony of its own Mr. Keen that the Gates' hose (with a temperature rating of 212°) did not meet the required temperature rating of 300° under the governing specification (SAE J1403). Instead LeRoi argues that this does not matter – that it is fine that the hose failed to meet the governing specification so long as the normal operating temperature for the LeRoi compressor (200°) is (slightly) less than the hose's maximum temperature (212°).

This contention is not correct, much less is it so correct as to warrant summary judgment on this issue of fact. As our mechanical and metallurgical engineering expert, Courtney Busch, indicated in the attached declaration [Exhibit "A"], the use on the LeRoi compressor of a hose that did not meet the governing specification for temperature certainly may have been a contributing factor in the fire. Obviously, a hose with an inadequate

temperature rating will deteriorate at a much lesser temperature than would an adequately-rated hose. Just as obviously, the hose with an inadequate temperature rating of 212° would have been subjected to unacceptable temperatures before the compressor reached its automatic shut-down temperature (of 235°). As LeRoi's own engineer Keen testified:

> [T]he compressors shut down at 235°F. That's why the need for the 300 degree F. spec. [*Keen Deposition*, p. 54 (Exhibit "B")].

SEACOR is entitled to take depositions on the temperature issue. In stating that SEACOR has taken just one deposition on this issue, LeRoi neglects to mention that SEACOR has requested deposition of LeRoi personnel, only to be told by LeRoi that it will not voluntarily produce them. (This will be the subject of a discovery notice shortly). SEACOR also has noticed the depositions of Hart personnel on this and other subjects.

### SSL-50

SEACOR's experts have confirmed through chemical analysis that SSL-50 oil was not incompatible with the Gates hose. Accordingly, SEACOR withdraws this contention.

### Arson?

LeRoi contends that "there is substantial reason to believe that this fire was deliberately set by a member of the crew [James Benyard] because of a decision to reassign him."[1] This is a contention from outer space, which lacks any serious evidentiary support. It is, though, a contention of fact, which LeRoi is entitled to investigate over the balance (of almost two months) of the discovery period.

---

[1] See LeRoi's Supplemental Memorandum at p. 8.

3

For these reasons, as well as those raised in SEACOR's previous memoranda, the motion for summary judgment should be denied.

Respectfully submitted:

HARRIS & RUFTY, L.L.C.

_____
RUFUS C. HARRIS III (#6638)
ALFRED J. RUFTY III (#19990)
GARY A. ROBINSON (#27061)
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112
(504) 525-7500
**Attorneys for SEACOR Marine, Inc. and SEACOR Offshore, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this ___7___ day of March, 2001.

_____
ALFRED J. RUFTY III

## DECLARATION OF COURTNEY BUSCH

I, Courtney Busch, attest as follows:

1. I am an expert in mechanical and metallurgical engineering.

2. According to Ron Keen, director of engineer for CompAir LeRoi, the Gates C5C hose is rated for temperatures up to 212° and therefore does not comply with the governing SAE J1402 specification, which requires a temperature rating of 300°.

3. A hose with a temperature rating of 212° will deteriorate and fail at a significantly lower temperature than will a hose with a 300° temperature rating.

4. Additionally, a hose with a 212° temperature rating will have a tendency to degrade over time at a faster rate, even under normal or close to normal operating conditions around 200°, than will a hose with a 300° temperature rating.

5. According to Keen, the compressor's automatic shut-down temperature was 235°. It is not advisable to use a hose on a compressor with a temperature rating (212°) that is lower than the compressor's automatic shut-down temperature.

6. For these reasons, failure of the Gates C5C hose to meet the temperature requirements of the SAE J1402 specification may well have been a contributing factor to the fire.

I certify under penalty of perjury that the above and foregoing is true and correct.

Signed this 6th day of March, 2001.

_____
Courtney Busch



1

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | EASTERN DISTRICT OF LOUISIANA | |

----------------------------------------------------

SEACOR MARINE AND SEACOR        :
OFFSHORE, INC.                  :
        Plaintiffs              :
   -vs-                         : CASE NO.
HOUMA FABRICATORS, A DIVISION   : 00-0166
OF L.O.R., INC., AIR COMPRESSOR : SECTION "S"
ENERGY SYSTEMS, DRESSER INDUSTRIES,:
INC., AND LEROI INTERNATIONAL,  :
Dba COMPAIR LEROI               :
        Defendants              :

----------------------------------------------------

        Deposition of RON W. KEEN, a witness herein, taken by the Plaintiffs as upon cross examination and pursuant to the Ohio Rules of Civil Procedure as to the time and place and stipulations hereinafter set forth, at the Holiday Inn, 400 Folkerth Avenue, Sidney, Ohio, at 9:31 a.m., on Wednesday, October 18, 2000, before Mary A. Frazier, a RMR, CRR, and Notary Public within and for the State of Ohio.

                * * * * *

14

EXHIBIT B

1  the SAE 100R5, which is a 212 degree F max
2  temperature or 160 degrees in air.
3       Q.   Did you have an understanding as to
4  what temperature range is expected in the
5  typical use of the LeROI compressors?
6       A.   Yes, the compressors shut down at
7  235 degrees F.  That's why the need for the 300
8  degree F spec.
9            So upon, based on that, and
10 seeing the difference in the spec, and it may
11 have been the same time, I can't remember which
12 was first or which was second, but contacted
13 Aeroquip and we started just to verifying the
14 specs of the FC350.
15           And I don't recall exactly how
16 it was actually started, but then the issue of
17 compatibility came up, all right, and
18 typically, and again, I don't know what
19 happened back before I came there.
20           But typically like what we would
21 do now is, I'll demonstrate by example, we
22 bring -- recently, within the last year, we
23 imported a new machine from our sister company
24 in the U.K., and one of the things that we did
25 before we could start using our oil was that we