

MINUTE ENTRY
SHUSHAN, M.J.
MARCH 21, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC. | CIVIL ACTION |
| VERSUS | NO: 00-0166 |
| HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., ET AL | SECTION: "S"(1) |

### HEARING ON MOTIONS

APPEARANCES:   Submitted on the brief of the mover

MOTIONS:   MOTION OF HOUMA FABRICATORS FOR ORDER COMPELLING DISCOVERY AND EXPEDITED HEARING OF SAME

**GRANTED IN PART**

Before the undersigned are the motions of Houma Fabricators, A Division of LOR, Inc. ("Houma Fabricators") for an order compelling discovery from the plaintiffs, SEACOR Marine, Inc. and SEACOR Offshore, Inc. (collectively referred to as "SEACOR"), and for expedited consideration of the said motion. The motion to compel seeks: (1) an order compelling SEACOR

DATE OF ENTRY
MAR 21 2001

to respond to interrogatories and requests for production, which Houma Fabricators contends are without response by SEACOR at least since December 14, 2000; (2) an award of costs and fees in bringing this motion; and (3) an order requiring SEACOR to produce its chief engineer, Allen Townsend, for his deposition at a definite date and time and produce the M/V GALAXIE for inspection at a definite date and time.

By noon on Friday, March 23, 2001, SEACOR shall provide a memorandum in opposition to Houma Fabricators' motion to compel discovery responses to discovery that allegedly has been outstanding since at least December 14, 2001, and show cause why the undersigned should not issue an order on Friday, March 23, 2001, requiring SEACOR to serve discovery responses within seven (7) days of that date with all objections to the discovery waived except those based on the attorney-client privilege and the work product doctrine.

On January 22, 2001, the undersigned issued a minute entry following a telephone discovery conference on January 19, 2001, where counsel for both SEACOR and Houma Fabricator participated. Rec. doc. 103. The minute entry provides in part as follows:

> The deposition of Chief Engineer, Allen Townsend, will be taken <u>promptly</u>. Mr. Rufty is to provide all counsel <u>at least thirty-six (36) hours notice</u> of Mr. Townsend's expected availability and counsel are to arrange their schedules so that the deposition and vessel inspection take place in Morgan City within seventy-two (72) hours of the vessel's return. <u>Mr. Townsend is not to sail again until his deposition is taken according to this schedule</u>. (Emphasis added).

Rec. doc. 103 at p. 2. It is VEXING to be asked to re-visit an issue that was addressed on January 19, 2001, and in an earlier conference on January 5, 2001. Rec. doc. 91. SEACOR has orally reported that it complied with the January 22, 2001, minute entry regarding Townsend's deposition and the inspection of the vessel, but the other parties, including Houma Fabricators, declined to take

the deposition or inspect the vessel at the proffered time. Houma Fabricators' memorandum states, "Seacor has notified opposing counsel of the vessel's arrival in port, <u>but not in sufficient time to comply with the Court's Order</u> and allow defendants and their experts to attend the inspection."

By noon on Friday, March 23, 2001, SEACOR shall provide an affidavit from its counsel, including any supporting documentation, showing it has fully complied with the January 22, 2001, minute entry regarding Townsend's deposition and the inspection of the vessel.

By noon on Monday, March 26, 2001, Houma Fabricators shall reply with an affidavit from its counsel confirming or denying SEACOR's affidavit, showing its compliance with that portion of the January 22, 2001, minute entry and supplying any documents confirming its version of the events.

If the court determines that SEACOR has complied with the January 22, 2001, minute entry, it shall deny Houma Fabricators' request as moot and tax costs against Houma Fabricators. If the court determines that SEACOR has not complied with the January 22, 2001, minute entry, it shall issue a report and recommendation to Judge Lemmon recommending that sanctions be imposed including possibly that Allen Townsend be excluded as a witness at the trial and/or that the jury be instructed to draw an adverse inference from SEACOR's failure to produce the M/V GALAXIE for an inspection.

In the alternative SEACOR and Houma Fabricators may report to the court by noon on Friday, May 23, 2001, that they have reached an agreement on the date and time for the inspection of the M/V GALAXIE and the deposition of Townsend.

The court will defer ruling on Houma Fabricators' motion for costs and fees until after it has determined whether there has been compliance with the January 22, 2001, minute entry.

It is ORDERED that Houma Fabricator's motion for an expedited consideration of its motion to compel discovery of SEACOR is GRANTED. It is FURTHER ORDERED that the parties shall comply with the schedule in this minute entry for the resolution of Houma Fabricators' motion to compel.

                                                  SALLY SHUSHAN
                                                  United States Magistrate Judge