FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 26  PM 1: 49

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC.<br><br>VERSUS<br><br>HOUMA FABRICATORS, A DIVISION<br>OF LOR, INC., AIR COMPRESSOR<br>INDUSTRIES, INC., AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPARE LEROI | CIVIL ACTION<br><br><br>NO. 00-0166     SECTION S (1)<br><br>JUDGE LEMMON<br><br>MAGISTRATE JUDGE SHUSHAN |

## EXHIBIT LIST

NOW INTO COURT, through undersigned counsel, comes defendant, Houma Fabricators, A Division of LOR, Inc., and submits its list of exhibits that may be introduced at trial in accordance with the Court's Scheduling Order:

1. Shipbuilding Contract dated 30 May 1996 between Waveland Marine Service, Inc. and Houma Fabricators; including all plans, specifications and change orders;

2. Assignment of Vessel Construction Contracts dated 03 January 1997;

3. All contract drafts and correspondence relating to negotiating and formulating contracts;

5



4. Invoices, work orders, shipping documents, credit memos and internal memos from Stewart & Stevenson regarding change-out of air compressor engine;

5. Invoices, work orders, shipping documents, credit memos and internal memos from Stewart & Stevenson regarding repair of stern-thruster engine;

6. Invoices, work orders, shipping documents, credit memos and internal memos from Stewart & Stevenson regarding repair of stern-thruster shaft damage

7. Correspondence from ACES to Houma Fabricators regarding quotes for air compressor;

8. Houma Fabricators Purchase Order No. 44085 dated 06 September 1996;

9. Correspondence, quotes, shipping lists, purchase orders, invoices, memos, inspection reports, bills of materials, service notices, e-mails, drawings and diagrams regarding the hydraulic hose and compressor that are the subject matter of this litigation produced by LeRoi International, Inc., in response to discovery requests;

10. Distributor agreements and organization charts produced by The Gates Corporation in response to discovery requests;

11. Photographs of the engine room of the M/V GALAXIE before and after the date of the casualty;

12. Photographs of the vessel, engine room, air compressor and hydraulic hose that are related to the subject matter of this litigation;

13. Diagrams, plans, drawings, statistical or technical information, correspondence or any other document related to the construction of the M/V GALAXIE;

14. U.S. Coast Guard Certificate of Inspection for M/V GALAXIE;

15. U.S Coast Guard Certificate of Documentation for M/V GALAXIE;

16. U.S. Coast Guard reports regarding the casualty on 30 January 1999;

17. Seacor incident report dated 02 February 1998;

18. Any documents obtained through further discovery;

19. Any depositions taken herein;

20. Any exhibits listed by any other party.

21. All relevant accident reports;

22. All relevant engine room logs, deck logs or other vessel logs;

23. All relevant crew lists;

24. Weather reports and records for the date of the casualty that is the subject matter of this litigation;

25. Diagram(s), model(s) and/or picture(s) of the rig/vessel, accident scene and pertinent equipment involved in the casualty,

26. All relevant insurance policies;

27. All relevant maintenance and repair records of equipment involved in the casualty;

28. All operating manuals of the relevant vessel and/or pertinent equipment involved in the casualty;

29. All relevant blueprints, specifications, charts, maps, plats, drawings, sketches, diagrams, or other graphic representations or visual aids pertaining to the casualty;

30. Enlargements of relevant photographs, and other relevant exhibits;

31. All Complaints (including Supplemental and Amending Complaints), Complaint for Intervention, Answers, Cross-Claims, Counter-Claims, Third-Party Demands, or other pleadings filed by any party (including all amendments);

32. Any and all pleadings filed in this matter including all Interrogatories, Answers to Interrogatories, Request for Production of Documents, Response to Request for Production of Documents, including all documents produced in response thereto, Request for Admissions and Answers to Request for Admissions, and any other discovery pleadings or responses thereto;

33. All exhibits and documents produced in conjunction with the corporate deposition of any company;

34. Any deposition used for impeachment purposes, when a witness is outside the subpoena power of the court, or witnesses otherwise unavailable for trial;

35. Exhibits and/or documents attached and/or referred to or discussed in any deposition regarding the subject incident, whether needed for impeachment purposes or attached to a transcript used in lieu of live testimony;

36. Charts or illustrative materials or possibly drawings on the blackboard or on large poster-sized paper to illustrate the facts of the case, the relationship of the parties, the testimony of the various witnesses, as well as the extent and elements of damages sustained by Plaintiff, or any other similar objects for use in the opening and closing statements;

37. All relevant impeachment evidence;

38. Any relevant standards, regulations, or rules regarding the work being performed at the time of the subject accident;

39. Any operating manuals or instructions regarding any pertinent equipment involved in the alleged accident;

40. Report of defendant's fire investigation and engineering expert Charles E. Prewitt;

41. Curriculum vitae of Charles E. Prewitt;

42. Report of defendant's marine safety and engineering expert, Ryan F. Uhlich, Sr.;

43. Curriculum vitae of Ryan F. Uhlich, Sr.;

44. Report of plaintiff's marine engineering expert, George F. Casellas;

45. Curriculum vitae of George F. Casellas;

46. Report of plaintiff's mechanical and metallurgical engineering expert, Dr. Courtney C. Busch ;

47. Curriculum vitae of Dr. Courtney C. Busch;

48. Any learned treatises, regulations, rules, standards and/or other data or information relied upon by expert(s) in formulating their opinion(s); and

49. Any expert reports of any other party.

Defendants reserve their right to supplement their list of exhibits.

_____
RONALD A. JOHNSON, T.A. (#7329)
ROBERT H. WOOD (#23598)
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
One Shell Square,
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone (504) 528-3001
Attorneys for Houma Fabricators, A Division of LOR, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading has been served upon all counsel of record, either by hand delivery, facsimile transmission, or by placing the same in the United States Mail, properly addressed and postage prepaid, on this __26th__ day of March, 2001.

_____