147846

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 27 PM 2:07

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND SEACOR OFFSHORE, INC. | CIVIL ACTION |
| VERSUS | NO. 00-0166    SECTION S (1) |
| HOUMA FABRICATORS, A DIVISION OF LOR, INC., AIR COMPRESSOR INDUSTRIES, INC., AND LEROI INTERNATIONAL, INC. D/B/A COMPAIR LEROI | JUDGE LEMMON<br><br>MAGISTRATE JUDGE SHUSHAN |

## REPLY BRIEF

NOW INTO COURT, comes defendant, Houma Fabricators, A Division of LOR, Inc. ("Houma Fabricators"), and in reply to Seacor's Memorandum in Opposition to Houma Fabricator's Motion to Compel, defendant would show the Court as follows:

1. **Written discovery.** A major portion of Houma Fabricators' Motion to Compel Discovery related to a set of Interrogatories and several Requests for Production of Documents propounded upon Seacor and to which no response has been forthcoming since December 14, 2000. Since the filing of Houma Fabricators' Motion to Compel Discovery, yet another discovery request has come due without response. (See Attachment A). This is yet another example of Seacor's complete disregard for the discovery process.

1

This Court's Minute Entry of March 21, 2001, required Seacor to provide a Memorandum in Opposition to Houma Fabricators' Motion to Compel showing cause why this Court should not issue an Order requiring Seacor to serve discovery responses within seven days of Friday, March 23, 2001, with all objections to discovery waived except those based on attorney/client privilege and the work product doctrine. Seacor has failed to show any reasonable cause as to why this Court should not issue such an order. As to documentary discovery, counsel for Seacor simply states that responses will be provided to outstanding discovery within seven days but does not suggest *any* reason why sanctions should not be levied for failure to comply with discovery requests. In an attempt to ameliorate the flagrant discovery abuses, Seacor states that "Houma's counsel has already been to our office to review files and already obtained most documents responsive to the document request." However, it was only at Houma Fabricator's repeated insistence that such an inspection was made, and the documents inspected were only those that had been previously produced at the first part of Seacor's corporate deposition. Additional documents have never been produced despite six reminder letters and numerous phone calls. Based on this cavalier attitude and with Houma Fabricators' request for sanctions unopposed by Seacor, counsel respectfully suggests that such an Order should issue.

2. **Vessel Inspection.** In its responsive memorandum, Seacor fails to distinguish between this Court's Order as it relates to the vessel inspection and the deposition of chief engineer Alan Townsend. These are two separate issues and subject to two separate requirements under the Court's January 22nd Minute Entry. As

background, it should be remembered that counsel were unable to accomplish two objectives: depose the chief engineer, and inspect the vessel. The vessel inspection was problematic because the M/V GALAXIE is on charter and does not have a regular schedule of return to port. The deposition of the chief engineer was problematic because he allegedly lives on the vessel full time and is never relieved from duty. The Magistrate attempted to clear up both these issues with the following order:

> the deposition of Chief Engineer, Allen Townsend, will be taken promptly and Mr. Rufty is to provide all counsel at least thirty-six (36) hours notice of Mr. Townsend's expected availability and counsel are to arrange their schedules so the deposition and vessel inspection take place in Morgan City within seventy-two (72) hours of the vessel's return. Mr. Townsend is not to sail again until his deposition is taken according to this schedule.

It is clear from the attached Affidavit that counsel understood the Court's Order to mean that counsel were to be given thirty-six hours notice of the vessel's return to port so that the chief engineer's deposition could take place and the vessel inspection could occur at approximately the same time. This thirty-six hour notice was required because the scheduling problems inherent in arranging for the attendance of defendant's expert witnesses, particularly the expert for LeRoi, who had to travel from the west coast for the vessel inspection. The Order also provides that the vessel inspection take place within seventy-two hours of the vessel's return, giving a reasonable time period for completion of the inspection so that the vessel would not be unreasonably withheld from service.

The accompanying Affidavit (see Attachment B) demonstrates that at no time were counsel provided with thirty-six hours notice of the vessel's availability for expert inspection. Furthermore, a review of Seacor's responsive memorandum demonstrates

3

that counsel for Seacor does not challenge the thirty-six hour notice issue. Therefore, the Court should take this issue as unopposed. The enclosed Affidavit and accompanying Exhibits also demonstrates that Seacor expected the parties to comply with its schedule rather than being concerned about compliance with this Court's Order.

Seacor claims that the reason defendants have not inspected the vessel is that they have declined Seacor's offer to do so, as if Seacor had given the required notice and had behaved reasonably at all times. In point of fact, Seacor has refused to comply with the Court's order in a manner bordering on arrogance.

3.   **Townsend Deposition.**   The final purpose of the Motion to Compel Discovery was to force Seacor to produce the M/V GALAXIE's chief engineer, Allen Townsend, for deposition. Mr. Townsend purportedly lives on the vessel and, according to Seacor's counsel, never leaves the vessel's service. Although this is highly unlikely, counsel have assumed it is true for the sake of argument. However, the Court's Order is very specific that defendants be given thirty-six hours notice of Townsend's availability and that he is <u>not to sail again</u> until his deposition is taken. This Order has been completely ignored by Seacor even though Mr. Townsend has returned to port three times. As the enclosed Affidavit makes perfectly clear, counsel for Seacor has refused to keep Mr. Townsend on land for purposes of the deposition. Accordingly, Seacor has violated the Court's Order and should be liable for the appropriate sanctions. It is simply unbelievable that Seacor could not find a replacement engineer out of the three hundred or so vessels operating in its fleet. While the parameters of the vessel inspection may have been harder to comply with because of the vessel's contractual commitments, nothing has prevented

Seacor from complying with this Court's Order as relates to the chief engineer. This simply constitutes contempt and should be punished appropriately.

4.      **Conclusion.**  The enclosed Affidavit, Exhibits and other information amply demonstrate that Houma Fabricators' Motion to Compel Discovery should be granted with an appropriate award of sanctions. Seacor has played fast and loose with the facts, its pleadings and the discovery process throughout the entirety of the litigation, while costing defense counsel thousands of dollars in completely unnecessary activities. This kind of behavior cannot be rewarded or tolerated. Accordingly, Houma Fabricators respectfully requests that this Court order Seacor to produce discovery responses with all objections waived except those based on the attorney/client privilege and the work product doctrine; that the M/V GALAXIE be produced for inspection on a certain time and date; that Allen Townsend be produced for deposition at a certain time and date; and that the appropriate sanctions be imposed as a result of Seacor's failure to comply with discovery orders.

Respectfully submitted,

*[signature]*

RONALD A. JOHNSON, T.A.(#7329)
ROBERT H. WOOD, (#23598)
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
4700 One Shell Square
New Orleans, LA  70139-7708
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
**Attorneys for Houma Fabricators, Inc., A Division of LOR, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading has been served upon all counsel of record by placing the same in the United States Mail, properly addressed and postage prepaid, on this 26th day of March, 2001.

_____
ROBERT H. WOOD

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED