FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR -2 PM 4:49

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEACOR MARINE, INC. AND<br>SEACOR OFFSHORE, INC.<br><br>Plaintiffs<br><br>VERSUS<br><br>HOUMA FABRICATORS, A DIVISION<br>OF L.O.R., INC., AIR COMPRESSOR<br>ENERGY SYSTEMS, INC., DRESSER<br>INDUSTRIES, INC., AND LEROI<br>INTERNATIONAL, INC. D/B/A<br>COMPAIR LEROI<br><br>Defendant | * * * * * * * * * * * * * * | CIVIL ACTION<br><br>NO.: 00-0166<br><br>SECTION: "S" (1) |

* * * * * * * *

**SEACOR'S SUPPLEMENTAL MEMORANDUM REGARDING
<u>CIVIL CODE ARTICLE 2524</u>**

In accordance with the Court's instructions, plaintiffs, SEACOR Marine, Inc., and SEACOR Offshore, Inc., respectfully submit this supplemental memorandum to discuss the viability of their implied warranty claim under Louisiana Civil Code Article 2524.

1

Contrary to the suggestion of defendant Houma Fabricators, SEACOR assuredly is entitled to bring a claim against it for breach of implied warranty under Louisiana Civil Code Article 2524. Article 2524 provides:

> ***Art. 2524.   Thing fit for ordinary use***
>
> The thing sold must be reasonably fit for ordinary use.
>
> When the seller has reason to know the particular use the buyer intends for the thing, or the buyer's particular purpose for buying the thing, and that the buyer is relying on the seller's skill or judgment in selecting it, the thing sold must be fit for the buyer's intended use or for his particular purpose.
>
> If the thing is not so fit, the buyer's rights are governed by the general rules of conventional obligations.

SEACOR will prove at trial that the GALAXIE was delivered to it by Houma with a defective compressor hose assembly, which failed and triggered a fire just fourteen months after delivery when the compressor had but 28.5 hours of running time. As will be proven, the compressor (and so the vessel) therefore was not "reasonably fit for its ordinary use" in accordance with the dictates of Article 2524.

In spite of this, Houma erroneously urges that an Article 2524 claim is simply not available under this contract in any circumstances. Houma theorizes that the mere presence of Article 2524 in the Civil Code's redhibition section should mandate extension to this implied warranty right of the redhibition rule that contracts to build (as Houma pigeonholes this contract) are not ones for which relief is available. This novel contention is not supported. Houma is able to muster nothing in the way of statutory text, caselaw, or even

2

published commentary in support of this proposition.

Indeed, Houma's interpretation is at odds with the text of Article 2524 itself and the official "Revision Comments" that follow it. The final sentence of Article 2524 stipulates that, "If the thing is not so fit [for ordinary use], the buyer's rights are governed by the general rules of conventional obligations." Revision Comment B elaborates that the "Buyer's action in such a case is one for breach of contract and not the action arising from the action arising from the warranty against redhibitory defects." The Civil Code itself thus expressly divorces an Article 2524 claim from the rules governing redhibition suits and stipulates that the general rules applying to breach of contract actions instead obtain. Accord *Fleming v. Standard Furniture Manufacturing,* 1997 WL 180478 (Ed. La. 1997) (Berrigan, J.) ("Article 2524 ... provides for contractual remedies for breaches. This warranty is distinguishable from the warranty against redhibitory vices.").

Houma's interpretation also runs contrary to the theoretical foundation upon which Article 2524 was based. As the Revision Comments make clear, Article 2524 "does not change the law," but rather "gives express formulation" to the implied warranty rights of purchasers developed in Louisiana jurisprudence. The Revision Comments further note that this implied warranty right should not be "confused with the warranty against redhibitory vices" and go on to refer to past Louisiana cases concerning this distinct implied warranty right.

The most recent case mentioned is *Hob's Refrigeration and Air Conditioning, Inc. v.*

*Poche*, 304 So.2d 326 (La. 1974). In that case, a compressor rebuilt by the defendant and sold to the plaintiff failed within three months of the delivery and installation. The Louisiana Supreme Court did not engage in a redhibition-type analysis of whether the contract was one to build or to sell but rather determined that the thing should have last more than three months, was not fit for ordinary use, and thus gave rise to an implied warranty action.

Here, as well, there is no basis for employing a redhibition analysis to determine whether an Article 2524 implied warranty claim should lie, for Article 2524 provides a separate and distinct remedy governed – not by redhibition rules – but by the rules of conventional obligations.

Houma bears the burden of proving that it is entitled to judgment as a matter of law against the Article 2524 claim. Fed. Civ. R. Proc. 56. In view of Houma's utter failure to cite any law in its favor and the contrary indications noted above, Houma has failed to carry its burden of proof. Its motion for a summary judgment dismissing SEACOR's Article 2524 claim therefore should be denied.

For these reasons, together with those previously briefed, SEACOR respectfully submits that Houma's motion for a summary judgment should be denied.

Respectfully submitted:

HARRIS & RUFTY, L.L.C.

_____
RUFUS C. HARRIS III (#6638)
ALFRED J. RUFTY III (#19990)
GARY A. ROBINSON (#27061)
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112
(504) 525-7500
**Attorneys for SEACOR Marine, Inc. and SEACOR Offshore, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this ___2___ day of April, 2001.

_____
ALFRED J. RUFTY III

5