FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY -9 PM 2:43

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND SEACOR OFFSHORE, INC. | CIVIL ACTION |
| VERSUS | NO. 00-0166   SECTION S (1) |
| HOUMA FABRICATORS, A DIVISION OF LOR, INC., AIR COMPRESSOR INDUSTRIES, INC., AND LEROI INTERNATIONAL, INC. D/B/A COMPARE LEROI | JUDGE LEMMON   MAGISTRATE JUDGE SHUSHAN |

## EX PARTE MOTION FOR LEAVE TO FILE OMITTED PAGES

NOW INTO COURT, through undersigned counsel, comes defendant, Houma Fabricators, A Division of LOR, Inc., ("Houma Fabricators"), and moves this Court for an Order allowing defendant to file the attached Exhibit A, constituting Pages 14 and 15 of its Rebuttal Memorandum previously filed with this Honorable Court.

WHEREFORE, defendant, Houma Fabricators, prays that this Motion will be granted in addition to any other further legal and equitable relief to which it is entitled.

Respectfully submitted,

RONALD A. JOHNSON, T.A. (#7329)
ROBERT H. WOOD (#23598)
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
One Shell Square,
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone (504) 528-3001
Attorneys for Houma Fabricators, A Division of LOR, Inc.

MAY 1 1 2001

DATE OF ENTRY _____

CtRmDep
Doc.No. 192

Fee
Process
Dktd
CtRmDep
Doc.No.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above pleading has been served upon all counsel of record by placing the same in the United States Mail, properly addressed and postage prepaid, on this _____day of May, 2001.

ROBERT H. WOOD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR MARINE, INC. AND SEACOR OFFSHORE, INC. | CIVIL ACTION |
| VERSUS | NO. 00-0166     SECTION S (1) |
| HOUMA FABRICATORS, A DIVISION OF LOR, INC., AIR COMPRESSOR INDUSTRIES, INC., AND LEROI INTERNATIONAL, INC. D/B/A COMPARE LEROI | JUDGE LEMMON MAGISTRATE JUDGE SHUSHAN |

## O R D E R

CONSIDERING THE FOREGOING Ex Parte Motion for Leave to File Omitted

Pages, filed by defendant, Houma Fabricators, A Division of LOR, Inc., IT IS HEREBY

ORDERED that said Motion is granted and the omitted pages will be filed into the record

as part of defendant's Rebuttal Memorandum.

New Orleans, Louisiana, this _10_ day of _May_, 2001.


_____
UNITED STATES DISTRICT JUDGE

7.   **SEACOR'S IMPLIED WARRANTY HAS BEEN EXPRESSLY DISCLAIMED AND THE MANUFACTURER'S EXPRESS WARRANTY HAS EXPIRED, LEAVING SEACOR WITHOUT RECOVERY UNDER WARRANTY OR INDEMNITY THEORIES.**

Houma Fabricators' warranty, as contained in the Shipbuilding Contract, provides that "in the instance of equipment purchased by BUILDER from others and incorporated in the vessel the responsibility of the BUILDER for defects in such equipment shall be limited to the usual guaranty or warranty extended by the manufacturer's supplier of such equipment."

It is uncontested that CompAir/LeRoi was the manufacturer of the rotary screw compressor model WE150SSII that was put into operation on board the M/V GALAXIE on October 24, 1997.[26]

The manufacturer's warranty provided that the compressor would be free from defects in materials and workmanship for a period of either twelve months from the startup date of the product or eighteen months after the original shipment date by LeRoi.   The warranty limits LeRoi's obligation to repair or replacement.   Most importantly, the warranty provides as follows:

> No claim for consequential or incidental damages based on warranty, tort or breach of contract shall be asserted by the owner or others at any time with respect to a non-conforming or defective air compressor, part or component; and no warranty claim shall be made by or on behalf of the owner, or accepted by LeRoi, after expiration of the applicable time periods . . . .[27]

This language constitutes an explicit waiver of implied/statutory warranties.   By accepting the contract with Houma Fabricators, Seacor agreed to be bound by the

---

[26] See attached Exhibit B, fax memo to Gary Kaser from Ron Naquin dated February 10, 1999, advising CompAir/LeRoi of hose failure and warranty dates.

[27] See attached Exhibit C, LeRoi International Inc., Express Warranty, November 1, 1992.

14



manufacturer's warranty for the component parts.    It is not against public policy in Louisiana for the parties to a contract to waive statutory warranties.[28]  Although courts are sometimes reluctant to enforce warranty limitations on consumers, sophisticated parties to a commercial undertaking should be bound by their contracts.[29]    In the commercial context, a waiver of warranty will be enforced as long as the waiver was express and unequivocal; resulted from mutual consent or a meeting of the minds; was made in good faith; and is consistent with public policy.[30]  The above-quoted language is sufficiently express and unequivocal in stating that no warranty claim will be made after one year, regardless of whether the claim is couched in terms of warranty, contract or tort.  Mutual consent and good faith can be presumed from the fact that two sophisticated parties negotiated and signed the contracts in consultation with their lawyers.[31] Consequently, Seacor has no further action under a warranty theory against Houma Fabricators.  The express warranty ended twelve months after the startup date of October 24, 1997.  With the express warranty ending on that date and all other warranties expressly waived, Seacor has no further contractual remedy for the losses resulting from the engine room fire.

Finally, Seacor has also claimed a right to recovery under a theory of indemnity under the "Insurance and Indemnity" section of the Shipbuilding Contract.  However, the loss was occasioned by the failure of a compressor hose on a piece of equipment "purchased by BUILDER from others and incorporated in the vessel."  Seacor's recovery under the Shipbuilding Contract is therefore limited to the warranty extended by the

---

[28] *Freeman v. Dept. of Highways,* 217 So.2d 166(La. 1968).
[29]  *California Union Ins. Co. v. Bechtel Corp.,* 473 So.2d 861, 867-868 (La.App. 4 Cir. 1985).
[30] *FMC Corp. v. Continental Grain Co.,* 355 So.2d 953, 958 (La.App. 4 Cir. 1977).